UNITED STATES OF AMERICA
                        Plaintiff,

v.                                         Case No.: 1:19−cr−00322
                                         Honorable Virginia M. Kendall

Charles Cui, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, October 18, 2023:

      MINUTE entry before the Honorable Virginia M. Kendall as to Charles Cui, Edward M. Burke and Peter J. Andrews. The Court rules on the Government's Rule 404(b) Notice [224], and Defendant Burke's First Consolidated Motions in Limine and Objections to the Government's Rule 404(b) Notice [230] as follows. Federal Rule of Evidence 404(b) bars evidence of other acts "to show a person's propensity to behave a certain way." United States v. Tinsley, 62 F.4th 376, 383 (7th Cir. 2023) (quoting United States v. Gomez, 763 F.3d 845, 855 (7th Cir. 2014) (en banc)); Fed. R. Evid. 404(b)(1). Yet, other−acts "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To overcome an objection, the proponent of other−acts evidence must show that the evidence is relevant to "another purpose" through "some propensity−free chain of reasoning." United States v. Ferrell, 816 F.3d 433, 444 (7th Cir. 2015) (quoting Gomez, 763 F.3d at 856); see also Fed. R. Evid. 401, 402. The test is not whether a jury could draw a propensity inference from the evidence. Gomez, 763 F.3d at 856. Rather, exclusion is necessary where the evidence's "relevance to 'another purpose' is established only through the forbidden propensity inference." Id. If the other−acts evidence clears the Rule 404(b) hurdle, it is admissible unless its probative value "is substantially outweighed by the risk of unfair prejudice," pursuant to Rule 403. Ferrell, 816 F.3d at 444 (citing Gomez, 763 F.3d at 860); see also United States v. Earls, 704 F.3d 466, 471 (7th Cir. 2012). In weighing the probative value of other−acts evidence for a permissible purpose, courts consider "the degree to which the non−propensity issue actually is disputed in the case." United States v. Morgan, 929 F.3d 411, 428 (7th Cir. 2019) (citing Gomez, 763 F.3d at 857). For instance, "intent is almost always an important issue" where the defendant is charged with a specific−intent crime. Id. at 428. Even where the defendant is accused of a general−intent crime, a defendant can make intent an issue by arguing its absence. Id.Applying that framework here, first, the evidence of Burke's June 2017 conversations with Individual F−1 is probative of Burke's intent, plan, absence of mistake, and modus operandi. (Dkt. 224 at 7−8; Dkt. 255 at 2−4). Specifically, Burke suggested during the June 6 call that withholding a driveway permit might help Company F to "get the message" about participating in a fundraising event, which is relevant to show Burke's intent to leverage official action for personal benefits from Company B, as alleged in the indictment, or his plan, absence of mistake, or modus operandi in doing so.

The June 8 call gives context to the June 6 call. The probative value of this evidence is not outweighed by the danger of unfair prejudice. Burke has ratcheted up the probative value of these calls by disputing that he would use a driveway permit as a tool for extortion–in essence, disputing his intent. (Dkt. 230 at 8). He has further contested his state of mind by intimating that that his busy schedule made him unfocused, undermining the significance of certain other recorded statements. The risk that these June 2017 calls will unfairly prejudice Burke is not so high as to significantly outweigh the probative value. Burke's objection is overruled. (Id. at 4–8; Dkt. 268–1 at 2–4). Yet, the statement in the June 8 call, "I told Pete I'd send it over there," will be excluded. The mention has the potential to prejudice Defendant Andrews to an extent that substantially outweighs the probative value for any permissible inference against Burke.Similarly, the October 27, 2016 recording, reflecting Burke's attempts to solicit tax work from Company G through Daniel Solis–while Company G had official business before Solis–is probative of Burke's intent, motive, plan, and absence of mistake in improperly using his and Solis's positions as aldermen to obtain business for his law firm. (Dkt. 224 at 8–10). Again, Burke disputes his intent by characterizing this recording as a lawful attempt to gain business through his connections as an alderman. (Dkt. 230 at 10; Dkt. 268–1 at 4). The risk of unfair prejudice does not outweigh this evidence's probative value. Indeed, Burke's complaint of prejudice is hard to square with his contention that the evidence shows only the undisputed fact that Burke made innocent use of his governmental connections to seek out private business. To the extent he worries that the jury could misconstrue the evidence, Burke is free to argue its import. Burke's objection is overruled. (Dkt. 230 at 9–10). As to all evidence admitted under Rule 404(b), this Court will give appropriate limiting instructions at the request of defense counsel. Gomez, 763 F.3d at 86061.Finally, Burke's August 1, 2017 phone call with Mayor H, unlike the evidence discussed above, is not relevant for any permissible purpose under Rule 404(b). (Dkt. 224 at 10). Burke's statements on the call are too vague to be probative of Burke's intent in a way that matters to the case. At most, the call shows that Burke attempted to use his political network to attract business. There is no hint of corrupt intent. Burke's objection to this evidence is sustained. (Dkt. 230 at 11). Mailed notice (lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.