UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

## **PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits the attached draft jury instructions, which incorporate the Court's rulings on October 30, 2023. The government has denoted areas that the Court has taken under advisement or that remain in dispute in red font.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By:     /s/ *Sarah Streicker*
AMARJEET BHACHU
DIANE MacARTHUR
SARAH STREICKER
TIMOTHY CHAPMAN
SUSHMA RAJU
Assistant United States Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

November 7, 2023

# TABLE OF CONTENTS

GENERAL INSTRUCTIONS ................................................................. 1

    Functions of Court and Jury ....................................................... 2
    The Charges ................................................................................ 3
    Presumption of Innocence / Burden of Proof .............................. 4
    The Evidence .............................................................................. 5
    Considering The Evidence .......................................................... 6
    Direct and Circumstantial Evidence ........................................... 7
    Number of Witnesses .................................................................. 8
    Defendant's Decision Not To Testify [or Present Evidence] ......... 9
    Credibility Of Witnesses ........................................................... 10
    Attorney Interviewing Witness .................................................. 11
    Prior Inconsistent Statements ................................................... 12
    Prior Inconsistent Statement By Defendant .............................. 13
    Witnesses Requiring Special Caution ........................................ 14
    Solis's Statements Not Offered For Their Truth ......................... 15
    Other Statements Not Offered For Their Truth ........................... 16
    Character Evidence Regarding Witness ...................................... 17
    Character Witness Regarding Defendant .................................... 18
    Statement By Defendant ........................................................... 19
    Evidence Of Other Acts By Defendant Burke .............................. 20
    Opinion Testimony .................................................................... 22
    Recorded Conversations/ Transcripts ....................................... 23
    Summaries Received in Evidence ............................................... 24
    Demonstrative Summaries/Charts Not Received in Evidence ...... 25
    Juror Note-Taking .................................................................... 26
    Government Investigative Techniques ........................................ 27
    Date Of Crimes Charged ............................................................ 28
    Redactions ................................................................................ 29
    Ethics Rules .............................................................................. 30
    Separate Consideration Of Defendants ...................................... 31
    Separate Consideration of Charges ........................................... 32

COUNT ONE, RACKETEERING IN VIOLATION OF 18 U.S.C. § 1962(c) ...... 33

    Count One—Elements ................................................................ 34
    Count One—"Interstate Commerce" ........................................... 35
    Count One—"Enterprise" ........................................................... 36
    Count One—"Associate" ............................................................. 37
    Count One—Knowingly .............................................................. 38
    Count One—"Conduct or Participate In The Conduct Of" ............ 39
    Count One—"Pattern of Racketeering Activity" .......................... 40
    Count One—Subparts of Racketeering Acts ............................... 41
    Count One—Racketeering Activity ............................................. 42

Count One, Racketeering Act 1—Post Office ................................. 43
Count One, Racketeering Act 2—Post Office ................................. 63
Count One, Racketeering Act 3—Burger King ............................... 71
Count One, Racketeering Act 4—Pole Sign ................................. 124
Count One, Racketeering Act 5—Field Museum ........................... 147

**COUNT TWO, CORRUPTLY SOLICITING AND DEMANDING THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(1)(B) ................................................................................................. 164**

Count Two—Elements ................................................................. 165
Count Two—"Agent" .................................................................. 167
Count Two—Bona Fide Compensation ........................................ 168
Count Two— Aiding and Abetting .............................................. 169

**COUNT THREE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3) ....................... 170**

Count Three—Elements .............................................................. 171
Count Three—"Interstate Commerce" ......................................... 172
Count Three—Unlawful Activity ................................................ 173
Count Three—Bribery ................................................................ 174
Count Three—Official Misconduct ............................................. 175
Count Three—Commercial Bribe Receiving ................................ 176
Count Three—Aiding and Abetting ............................................ 177

**COUNT FOUR, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3) ....................... 178**

Count Four—Elements ................................................................ 179
Count Four—"Interstate Commerce" ........................................... 180
Count Four—Unlawful Activity .................................................. 181
Count Four—Bribery .................................................................. 182
Count Four—Official Misconduct ............................................... 183
Count Four—Commercial Bribe Receiving .................................. 184
Count Four—Aiding and Abetting .............................................. 185

**COUNT FIVE, ATTEMPTED EXTORTION UNDER TITLE 18, SECTION 1951(a) ....................................................................................... 186**

Count Five—Elements ................................................................ 187
Count Five—Knowingly .............................................................. 189
Count Five—Extortion "By Fear" ................................................ 190
Count Five—Extortion Under "Color Of Official Right" ............... 191
Count Five—"Property" .............................................................. 192
Count Five— "Interstate Commerce" ........................................... 193
Count Five—Aiding and Abetting ............................................... 194

**COUNT SIX, EXTORTION CONSPIRACY UNDER TITLE 18, SECTION 1951(a) ....................................................................................... 195**

Count Six—Elements...................................................................................196
Count Six— "Conspiracy" ...........................................................................197
Count Six—Membership In Conspiracy .....................................................198
Count Six—Knowingly ................................................................................199

**COUNT SEVEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3) .......................................200**

Count Seven—Elements ...............................................................................201
Count Seven—"Interstate Commerce" .........................................................203
Count Seven—Unlawful Activity .................................................................204
Count Seven—Extortion ...............................................................................205
Count Seven—Definition Of Extortion "By Fear" .......................................206
Count Seven—Extortion Under "Color Of Official Right"............................207
Count Seven—"Property"..............................................................................208
Count Seven—"Interstate Commerce" ..........................................................209
Count Seven—Bribery ..................................................................................210
Count Seven—Official Misconduct ..............................................................211
Count Seven—Commercial Bribe Receiving................................................212
Count Seven—Aiding and Abetting ..............................................................213

**COUNT EIGHT, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3) .......................................214**

Count Eight—Elements.................................................................................215
Count Eight —"Interstate Commerce".......................................................... 217
Count Eight —Unlawful Activity .................................................................218
Count Eight—Extortion ................................................................................219
Count Eight—Extortion "By Fear" ...............................................................220
Count Eight—Extortion Under "Color Of Official Right" ............................221
Count Eight—"Property" ...............................................................................222
Count Eight—"Interstate Commerce"............................................................223
Count Eight—Bribery ...................................................................................224
Count Eight—Official Misconduct ...............................................................225
Count Eight—Commercial Bribe Receiving.................................................226
Count Eight— Aiding and Abetting ..............................................................227

**COUNT NINE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3) .......................................228**

Count Nine—Elements ..................................................................................229
Count Nine —"Interstate Commerce" ...........................................................230
Count Nine —Unlawful Activity ...................................................................231
Count Nine—Extortion ..................................................................................232
Count Nine—Extortion "By Fear" .................................................................233
Count Nine—Extortion Under "Color Of Official Right"..............................234
Count Nine—"Property" ................................................................................235
Count Nine—"Interstate Commerce" .............................................................236

Count Nine—Bribery ........................................................................... 237
Count Nine—Official Misconduct ..................................................... 238
Count Nine—Commercial Bribe Receiving ...................................... 239
Count Nine—Aiding and Abetting .................................................... 240

**COUNT TEN, FALSE STATEMENTS UNDER TITLE 18, SECTION 1001(a)(2)** ...................................................................................... **241**

Count Ten—Elements .......................................................................... 242
Count Ten—"False" ............................................................................. 243
Count Ten—"Fraudulent" .................................................................. 244
Count Ten—"Matter Within The Jurisdiction of The Executive Branch" .... 245
Count Ten—"Material" ....................................................................... 246
Count Ten—Knowingly ...................................................................... 247
Count Ten—"Willfully" ...................................................................... 248
Count Ten—Unanimity ....................................................................... 249

**COUNT ELEVEN, CORRUPTLY ACCEPTING AND AGREEING TO ACCEPT THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(1)(B)** ...................................................... **251**

Count Eleven—Elements ..................................................................... 252
Count Eleven—"Agent" ...................................................................... 254
Count Eleven—Bona Fide Compensation ......................................... 255

**COUNT TWELVE, CORRUPTLY OFFERING THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(2)** ............................... **256**

Count Twelve—Elements .................................................................... 257
Count Twelve—"Agent" ...................................................................... 259
Count Twelve—Bona Fide Compensation ........................................ 260

**COUNT THIRTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)** ............... **261**

Count Thirteen—Elements .................................................................. 262
Count Thirteen—"Interstate Commerce" ......................................... 263
Count Thirteen—Unlawful Activity ................................................. 264
Count Thirteen—Bribery .................................................................... 265
Count Thirteen—Bribery .................................................................... 266
Count Thirteen—Bribery .................................................................... 267
Count Thirteen—Official Misconduct .............................................. 268
Count Thirteen—Commercial Bribery .............................................. 269
Count Thirteen—Commercial Bribe Receiving ............................... 270

**COUNT FOURTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)** ............... **271**

Count Fourteen—Elements ................................................................. 272
Count Fourteen—"Interstate Commerce" ........................................ 273

Count Fourteen—Unlawful Activity ............................................................ 274
Count Fourteen—Bribery ........................................................................... 275
Count Fourteen—Bribery ........................................................................... 276
Count Fourteen—Bribery ........................................................................... 277
Count Fourteen—Official Misconduct......................................................... 278
Count Fourteen—Commercial Bribery ....................................................... 279
Count Fourteen—Commercial Bribe Receiving........................................... 280

**COUNT FIFTEEN, USE OF AN INTERSTATE FACILITY TO AID
UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3) ............... 281**

Count Fifteen—Elements............................................................................ 282
Count Fifteen—"Interstate Commerce" ...................................................... 284
Count Fifteen—Unlawful Activity ............................................................... 285
Count Fifteen—Bribery .............................................................................. 286
Count Fifteen—Bribery .............................................................................. 287
Count Fifteen—Bribery .............................................................................. 288
Count Fifteen—Official Misconduct ........................................................... 289
Count Fifteen—Commercial Bribery .......................................................... 290
Count Fifteen—Commercial Bribe Receiving.............................................. 291
Count Fifteen— Aiding and Abetting .......................................................... 292

**COUNT SIXTEEN, USE OF AN INTERSTATE FACILITY TO AID
UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3) ............... 293**

Count Sixteen—Elements........................................................................... 294
Count Sixteen—"Interstate Commerce" ..................................................... 295
Count Sixteen —Unlawful Activity .............................................................. 296
Count Sixteen—Bribery ............................................................................. 297
Count Sixteen—Bribery ............................................................................. 298
Count Sixteen—Bribery ............................................................................. 299
Count Sixteen—Official Misconduct .......................................................... 300
Count Sixteen—Commercial Bribe Receiving ............................................ 301
Count Sixteen— Aiding and Abetting.......................................................... 302

**COUNT SEVENTEEN, FALSE STATEMENTS UNDER TITLE 18, SECTION
1001(a)(2) ................................................................................................ 303**

Count Seventeen—Elements...................................................................... 304
Count Seventeen—"False".......................................................................... 305
Count Seventeen—"Fraudulent" ................................................................. 306
Count Seventeen—"Matter Within The Jurisdiction of The Executive Branch"
................................................................................................................. 307
Count Seventeen—"Material"..................................................................... 308
Count Seventeen—"Knowingly" .................................................................. 309
Count Seventeen—"Willfully" ..................................................................... 310
Count Seventeen—Unanimity..................................................................... 311

**COUNT EIGHTEEN, ATTEMPTED EXTORTION UNDER TITLE 18, SECTION 1951(a)** ........................................................................... **313**

    Count Eighteen—Elements .................................................................. 314

    Count Eighteen—"Knowingly" ............................................................ 316

    Count Eighteen—Extortion "By Fear" ................................................ 317

    Count Eighteen— Eighteen Under "Color Of Official Right" ............ 318

    Count Eighteen—"Property" .............................................................. 319

    Count Eighteen— "Interstate Commerce" .......................................... 320

**COUNT NINETEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)** ............... **321**

    Count Nineteen—Elements .................................................................. 322

    Count Nineteen—"Interstate Commerce" ........................................... 323

    Count Nineteen—Unlawful Activity .................................................. 324

    Count Nineteen—Extortion ................................................................. 325

    Count Nineteen—Extortion "By Fear" ............................................... 326

    Count Nineteen—Extortion Under "Color Of Official Right" ........... 327

    Count Nineteen—"Property" .............................................................. 328

    Count Nineteen—"Interstate Commerce" ........................................... 329

    Count Nineteen—Aiding and Abetting .............................................. 330

**AIDING AND ABETTING AN OFFENSE** ....................................... **331**

**FINAL INSTRUCTIONS** ................................................................. **332**

    Joint Venture ....................................................................................... 333

    Punishment .......................................................................................... 334

    Deliberations ....................................................................................... 335

    Verdict Forms ..................................................................................... 337

    Verdict ................................................................................................. 338

**GENERAL INSTRUCTIONS**

## Functions of Court and Jury

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of] you a copy of these instructions to use in the jury room. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1
Bauer Pattern Jury Instruction 1.01

2

## The Charges

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendants committed the following crimes:

Edward Burke is charged with racketeering, corruptly soliciting, demanding, accepting, or agreeing to accept things of value, use of an interstate facility to promote unlawful activity, attempted extortion, and conspiracy to commit extortion.

Peter Andrews is charged with attempted extortion, conspiracy to commit extortion, use of an interstate facility to promote unlawful activity, and making a false statement to the Federal Bureau of Investigation.

Charles Cui is charged with corruptly offering or agreeing to give things of value, use of an interstate facility to promote unlawful activity, and making a false statement to the Federal Bureau of Investigation.

The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2
Bauer Pattern Jury Instruction 1.02 (modified)

3

## **Presumption of Innocence / Burden of Proof**

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3
Bauer Pattern Jury Instruction 1.03

4

## **The Evidence**

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that [certain facts are true] [or] [that a witness would have given certain testimony].

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4
Bauer Pattern Jury Instruction 2.01

5

## **Considering The Evidence**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5
Bauer Pattern Jury Instruction 2.02

6

## **Direct and Circumstantial Evidence**

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6
Bauer Pattern Jury Instruction 2.03

7

## **Number of Witnesses**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7 (with brackets removed)
Bauer Pattern Jury Instruction 2.04

8

## **Defendant's Decision Not To Testify [or Present Evidence]**

[A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that [the; a] defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.]

GOVERNMENT INSTRUCTION NO. 8
Bauer Pattern Jury Instruction 2.05

## **Credibility Of Witnesses**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- [the age of the witness;]

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 9
Bauer Pattern Jury Instruction 3.01

**<u>Attorney Interviewing Witness</u>**

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 10
Bauer Pattern Jury Instruction 3.02

11

### **Prior Inconsistent Statements**

[You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]]

GOVERNMENT INSTRUCTION NO. 11
Bauer Pattern Jury Instruction 3.03

## **Prior Inconsistent Statement By Defendant**

[You have heard evidence that before the trial, [the; a] defendant made [a] statement[s] that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by [the; a] defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

GOVERNMENT INSTRUCTION NO. 12
Bauer Pattern Jury Instruction 3.04

## **Witnesses Requiring Special Caution**

[You have heard testimony from [a witness; witnesses; name(s) of witness(es)] who:

[- [was; were] [promised; received; expected] [a] benefit[s] in return for his [testimony; cooperation with the government];]

[- has [admitted; been convicted of] lying under oath;]

[- has [pled guilty to being; stated that he was] involved in [one; some] of the crime[s] the defendant is charged with committing. [You may not consider his guilty plea as evidence against the defendant.]]

You may give [this witness'; these witnesses'] testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.]

GOVERNMENT INSTRUCTION NO. 83 (based on Andrews' Proposed Instruction 10)
Bauer Pattern Jury Instruction 3.05

14

## **Solis's Statements Not Offered For Their Truth**

You have heard recordings that included statements made by Daniel Solis during his cooperation with the government. The statements Solis made in these recordings may not be considered as evidence that what he said is actually true. You can consider Solis's statements in these recordings only to place in context and help you understand the conversations and the statements made by others in these recordings.

GOVERNMENT INSTRUCTION NO. 13
*United States v. Davis*, 890 F.2d 1373, 1379-80 (7th Cir. 1989)
*United States v. Lewis*, No. 07 CR 07, 2008 WL 5083131, at *5 (N.D. Ill. Nov. 25, 2008)
(Kendall, J.), *aff'd*, 641 F.3d 773 (7th Cir. 2011)
*United States v. McClain et al.,* No. 20 CR 812, Dkt. 249 at 13 (N.D. Ill.)
(Leinenweber, J.).

15

## <u>Other Statements Not Offered For Their Truth</u>

[ANDREWS TO PROPOSE]

## **Character Evidence Regarding Witness**

[You have heard testimony about [name]'s character for [truthfulness; untruthfulness]. You may consider this evidence only in deciding the believability of [name]'s testimony and how much weight to give to it.]

GOVERNMENT INSTRUCTION NO. 14
Bauer Pattern Jury Instruction 3.07

## **Character Witness Regarding Defendant**

[You have heard testimony about [the defendant's; defendant [name]'s [good character; character for [list characteristic, trait or attribute]]. You should consider this testimony together with and in the same way you consider the other evidence.]

GOVERNMENT INSTRUCTION NO. 15
Bauer Pattern Jury Instruction 3.08

**<u>Statement By Defendant</u>**

You have heard testimony and received evidence that defendant Peter Andrews and defendant Charles Cui each made statements to agents from the Federal Bureau of Investigation. You must decide how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

You may not consider the statement of defendant Peter Andrews or Charles Cui to the Federal Bureau of Investigation as evidence against any other defendant.

GOVERNMENT INSTRUCTION NO. 16A (amended per Court's 10/30/23 rulings)
Bauer Pattern Jury Instruction 3.09 (modified)

## **Evidence Of Other Acts By Defendant Burke**

You have heard evidence that the defendant Burke committed acts other than the ones charged in the indictment. This evidence may be considered against Edward Burke alone, and for limited purposes only.

Before using this evidence, you must decide whether it is more likely than not that defendant Edward Burke took the other, uncharged actions. If you decide that he did, then you may consider the evidence to help you decide particular issues, which I will explain now.

You have heard testimony and seen evidence concerning defendant Edward Burke's June 2017 communications related to a contractor named Bulley & Andrews' inability to access certain property without a driveway permit. You may consider this evidence only to help you decide whether Edward Burke acted intentionally, without accident, with a plan to obtain legal business from Tri City Foods or its affiliate when he caused interference with Tri City Foods' access to a construction site, or whether the interference was a mistake or accident or, unconnected to any effort on Burke's part to obtain Tri City Foods' or its affiliate's legal business.

You have heard testimony and evidence concerning defendant Edward Burke's September 26, 2016, October 5, 2016, October 27, 2016, November 7, 2016, January 25, 2017, November 9, 2018 communications regarding efforts to obtain legal business from Related Midwest, a Chicago-based property developer. You may consider this evidence only to help you decide Burke's motives, intent, and modus operandi in seeking legal business from 601 West.

20

You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because defendant Edward Burke committed an act in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that defendant Edward Burke is not on trial for these other acts. Rather, he is only on trial for the acts charged in the indictment. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

This evidence was admitted against defendant Edward Burke alone. You are not to consider this evidence against defendants Peter Andrews or Charles Cui.

GOVERNMENT INSTRUCTION NO. 17A (amended per Court's 10/30/23 rulings)
Bauer Pattern Jury Instruction 3.11

## **Opinion Testimony**

[You have heard from Constance Mixon, who gave opinions and testimony about the structure of the City of Chicago's government, including the operation of the Chicago City Council.

You have also heard from Kevin Kulbacki, a forensic document examiner who gave opinions and testimony about handwriting analysis as to certain documents in the record.

You have also heard from ***, who gave opinions and testimony about **.

You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how they reached their conclusions, and the factors I have described for determining the believability of testimony.]

GOVERNMENT INSTRUCTION NO. 18 (to be adjusted after *Daubert* rulings)
Bauer Pattern Jury Instruction 3.13 (modified)

**Recorded Conversations/ Transcripts**

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

GOVERNMENT INSTRUCTION NO. 19
Bauer Pattern Jury Instruction 3.14

23

## **Summaries Received in Evidence**

[Certain [summaries; charts] were admitted in evidence. [You may use those [summaries; charts] as evidence [even though the underlying [documents; evidence] are not here].]

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the [summaries; charts] are accurate.]]

[It is up to you to decide how much weight to give to the [summaries; charts].]

GOVERNMENT INSTRUCTION NO. 20 (Burke may be disputing government summary charts)
Bauer Pattern Jury Instruction 3.16

24

**<u>Demonstrative Summaries/Charts Not Received in Evidence</u>**

[Certain [summaries; charts] were shown to you to help explain other evidence that was admitted. [Specifically identify the demonstrative exhibit, if appropriate.] These [summaries; charts] are not themselves evidence or proof of any facts [, so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]]

GOVERNMENT INSTRUCTION NO. 21
Bauer Pattern Jury Instruction 3.17

**Juror Note-Taking**

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 22
Bauer Pattern Jury Instruction 3.18

## **Government Investigative Techniques**

**[Government's Proposed Instruction 23**: Sometimes the government uses cooperating individuals who may conceal their cooperation in order to gather evidence of suspected violations of law. In the effort to detect violations of the law, it is sometimes necessary for the government to use ruses and subterfuges and to employ investigative techniques that deceive. It is not improper or illegal for the government to use these techniques, which are a permissible and recognized means of criminal investigation. Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter your deliberations in any way.]

GOVERNMENT INSTRUCTION NO. 23
*United States v. McKnight*, 665 F.3d 786, 789 (7th Cir. 2011) (approving nearly identical instruction); *United States v. Calabrese*, 02 CR 1050 (N.D. Ill.) (Zagel, J.) at Dkt. 725; *United States v. Polchan*, 08 CR 115 (N.D. Ill.) (Guzman, J.) at Dkt. 518.

**[Defendants' Proposed Instruction**: You have heard evidence obtained from the government's use of [undercover agents; informants; deceptive investigative techniques]. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

Bauer Pattern Jury Instruction 3.19]

## **Date Of Crimes Charged**

The indictment charges that the crimes happened "on or about" certain dates or "in or around" certain months. The government must prove that the crimes happened reasonably close to the dates and months alleged. The government is not required to prove that the crimes happened on those exact dates or months.

GOVERNMENT INSTRUCTION NO. 24
Bauer Pattern Jury Instruction 4.05 (modified)

## Redactions

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

GOVERNMENT INSTRUCTION NO. 26

*United States v. McClain et al.,* No. 20 CR 812, Dkt. 249 at 26 (N.D. Ill.) (Leinenweber, J.).

### Ethics Rules

You heard evidence concerning the City of Chicago's municipal ethics ordinance [and rules of conduct governing the practice of law]. Evidence that a defendant violated an ordinance or other ethics rule is not, standing alone, sufficient to convict a defendant. Ordinances and ethics rules are not the same as federal criminal law, so even if you were to find that a defendant violated an ordinances or ethics rule, that does not necessarily mean that there was a violation of the criminal law. You must apply the law that I give you and the government must prove violations of federal law beyond a reasonable doubt.

GOVERNMENT INSTRUCTION 84 (modified version of Burke's Instruction No. 12)
*United States v. McClain et al.,* No. 20 CR 812, Dkt. 249 at 27 (N.D. Ill.) (Leinenweber, J.).

30

## **Separate Consideration Of Defendants**

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

GOVERNMENT INSTRUCTION NO. 25
Bauer Pattern Jury Instruction 4.07 (modified)

## **Separate Consideration of Charges**

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Cui's Proposed Instruction 23

**COUNT ONE, RACKETEERING IN VIOLATION OF 18 U.S.C. § 1962(c)**

**Count One—Elements**

Count One of the indictment charges defendant Edward Burke with racketeering. In order for you to find defendant Edward Burke guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      That the City of Chicago was an enterprise; and

2.      That defendant Edward Burke was employed by or associated with the enterprise; and

3.      That defendant Edward Burke knowingly conducted or participated in the conduct of the affairs of the City of Chicago through a pattern of racketeering activity as described in Count One; and

4.      That the activities of the City of Chicago affected interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find defendant Edward Burke guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt, then you should find defendant Edward Burke not guilty of Count One.

GOVERNMENT INSTRUCTION NO. 27
Bauer Pattern Jury Instructions at p. 822 (modified)

## Count One—"Interstate Commerce"

With respect to Count One, "interstate commerce" includes the movement of money, goods, services, or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things. If you find that beyond a reasonable doubt either (a) that the City of Chicago made, purchased, sold or moved goods or services that had their origin or destination outside Illinois, or (b) that the actions of the City of Chicago affected in any degree the movement of money, goods, or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the City of Chicago as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 60 (moved to before the RICO predicates are discussed)
Bauer Pattern Jury Instruction at p. 822 (18 U.S.C. § 1962(c)) (modified)

35

## <u>Count One—"Enterprise"</u>

The term "enterprise" includes a municipal corporation.

GOVERNMENT INSTRUCTION NO. 28
*United States v. Emond*, 935 F.2d 1511, 1512 (7th Cir. 1991) (noting, without analysis, that Village was RICO enterprise); *United States v. Kovic*, 684 F.2d 512, 516 (7th Cir. 1982) ("governmental or public entities [such as the Chicago Police Department] fit within the definition of 'enterprise' for purposes of RICO"); *United States v. Lee Stoller Enterprises, Inc.*, 652 F.2d 1313, 1319 (7th Cir. 1981) (en banc) ("a public entity may constitute an 'enterprise' within the meaning of RICO"); *LaFlamboy v. Landek*, 587 F. Supp. 2d 914, 938 (N.D. Ill. 2008) (St Eve, J.) (village of Bridgeview was a RICO enterprise; "A municipality or other public entity may qualify as a RICO enterprise.").

## Count One—"Associate"

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose, although the person need not have a stake in the goals of the enterprise and may even act in a way that subverts those goals. A person may be associated with an enterprise without being so throughout its existence.

GOVERNMENT INSTRUCTION NO. 29
Bauer Pattern Jury Instruction at p. 830

### Count One—Knowingly

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 30A (amended to remove reference to other counts)
Bauer Pattern Jury Instruction 4.10 (modified)

## Count One—"Conduct or Participate In The Conduct Of"

**Government's Proposed Instruction 31:** A person "conducts or participates in the conduct of" the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts involved in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in Count One.

GOVERNMENT INSTRUCTION NO. 31A (amended to remove "involved in some way")
Bauer Pattern Jury Instruction at p.829; *see also United States v. Warneke*, 310 F.3d 542, 548-49 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Jan. 10, 2003) (affirming pattern instruction, but criticizing "involved in some way"); *United States v. Cianci*, 378 F.3d 71, 95 (1st Cir. 2004) (no error in declining to instruct jury that defendant needed to direct the enterprise); *United States v. Darden*, 70 F.3d 1507, 1542-43 (8th Cir. 1995) (operation and management language informs the jury of requirement that defendant take part in directing affairs, while also making clear that "this requirement does not limit criminal liability to an enterprise's top managers or policy makers").

**Burke's Proposed Instruction:** A person "conducts or participates in the conduct of" the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. To participate in the operation or management of the enterprise, one must have some part in directing those affairs. In order to have conducted or participated in the conduct of the affairs of an enterprise, a person need not have participated in all of the activity alleged in Count One.

Dkt. 284 at 3 (Burke's proposed instruction)

## Count One—"Pattern of Racketeering Activity"

In order to find a "pattern of racketeering activity" for purposes of Count One, you must find beyond a reasonable doubt that the defendant committed [or caused another person to commit] at least two racketeering acts described in Count One, and that those acts were in some way related to each other and that there was continuity between them, and that they were separate acts.

Although a pattern of racketeering activity must consist of two or more acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics, or are part of the affairs of the same enterprise.

There is continuity between acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

The government need not prove that all the acts described in Count One were committed, but you must unanimously agree as to which two or more racketeering acts the defendant committed or caused to be committed in order to find the defendant guilty of that count.

GOVERNMENT INSTRUCTION NO. 32
Bauer Pattern Jury Instruction at p. 823

### Count One—Subparts of Racketeering Acts

Each of the racketeering acts described in paragraph 84 of Count One is numbered and consist of multiple offenses set out in separate, lettered sub-paragraphs, namely, Racketeering Act 1, sub-paragraphs (a), (b), (c), (d), Racketeering Act 2, sub-paragraphs (a) and (b), Racketeering Act 3, sub-paragraphs (a), (b), (c), (d), (e), (f), and (g), Racketeering Act 4 sub-paragraphs (a), (b), and (c), and Racketeering Act 5, sub-paragraphs (a) and (b).

In addition, many of these sub-paragraphs allege multiple distinct crimes within a single sub-paragraph. To find that that a defendant committed a particular "racketeering act" that is made up of multiple sub-paragraphs, it is sufficient if the government proves beyond a reasonable doubt that the defendant committed at least one of the offenses identified in at least one of the sub-paragraphs of that racketeering act. However, you must unanimously agree upon: (i) which sub-paragraph within a racketeering act the defendant committed; and (ii) as to sub-paragraphs which allege multiple different statutory violations within a single sub-paragraph which of the statutory violations within the sub-paragraph the defendant committed.

BURKE INSTRUCTION NO. 3A (with "paragraph 84" added)
Bauer Pattern Jury Instruction at p. 824

## **Count One—Racketeering Activity**

The law defines "racketeering activity" to include the following:

A. Any act involving bribery under the following provisions of Illinois state law:

(1)    720 Illinois Compiled Statutes 5/33-1(a) (bribery).

(2)    720 Illinois Compiled Statutes 5/33-1(d) (bribery).

(3)    720 Illinois Compiled Statutes 5/33-1(e) (bribery).

(4)    720 Illinois Compiled Statutes 5/33-1(e) and 5/8-4 (attempted bribery).

(5)    720 Illinois Compiled Statutes 5/33-3(a)(4) (official misconduct).

(6)    720 Illinois Compiled Statutes 5/29A-1 (commercial bribery)

(7)    720 Illinois Compiled Statutes 5/29A-2 (commercial bribe receiving)

Illinois Compiled Statutes are referred to in short form as "ILCS."

B. Any act which constitutes a violation of any of the following provisions of Title 18 of the United States Code:

(1)  Section 1951(a) (attempted extortion and conspiracy to commit extortion).

(2)  Section 1952(a)(3) (use of an interstate facility in aid of unlawful activity).

I will describe these statutes in a few moments. Any violation of any of these statutes may constitute a distinct act of "racketeering activity."

GOVERNMENT INSTRUCTION NO. 34A (added commercial bribery and commercial bribe receiving)
18 U.S.C. § 1961(1)
*United States v. Calabrese*, 02 CR 1050 (N.D. Ill.) (Zagel, J.) at Dkt. 725 at page 46-47;
*United States v. Polchan*, 08 CR 115 (N.D. Ill.) (Guzman, J.) at Dkt. 518 at page 42 (jury instructions).

### Count One, Racketeering Act 1—Post Office

Racketeering Act 1 relates to defendant Edward Burke's alleged conduct concerning the Post Office project from in or around August 2016 continuing to on or about January 18, 2018.

There are four subparagraphs to Racketeering Act 1, which are identified as Racketeering Act 1(a) through 1(d).  I will now explain the law applicable to these subparagraphs.

-

GOVERNMENT INSTRUCTION NO. 35

## Count One, Racketeering Act 1(a)
## Attempted Bribery Under 720 ILCS 5/33-1(e) and 5/8-4

Racketeering Act 1(a) alleges defendant Edward Burke committed the offense of attempted bribery.

A person commits the offense of bribery under 720 Illinois Compiled Statutes ("ILCS") 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

The term "public officer" under Illinois law is a person who is elected to office pursuant to statute to discharge a public duty for any political subdivision of the State of Illinois.

The term "public employee" under Illinois law is a person who is authorized to perform an official function on behalf of, and is paid by, any political subdivision of the State.

A person commits the offense of attempt under Illinois law under 720 ILCS 5/8-4, when he, with the intent to commit the offense, does any act which constitutes a substantial step toward the commission of the offense. The offense attempted need not have been committed.  Therefore, in order to find that defendant Edward Burke committed the offense of attempted bribery as alleged in Racketeering Act 1(a), the government must prove each of the following propositions beyond a reasonable doubt:

1. That defendant Edward Burke performed an act which constituted a substantial step toward the commission of the offense of bribery, as described above; and

2. That defendant Edward Burke did so with the intent to commit the offense of bribery.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 1(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 1(a).

GOVERNMENT INSTRUCTION NO. 36A (amended to add "reasonable doubt" paragraphs and to substitute definition of "public officer" from Illinois pattern instructions)
*United States v. Blagojevich*, No. 08 CR 888, Dkt. 1023 at page 6445 (N.D. Ill.) (Zagel, J.) (modified)
720 ILCS 5/33-1(e)
720 ILCS 5/8-4
Ill. Pattern Criminal Jury Instructions 21.11, 21.12D (modified)
Ill. Pattern Criminal Jury Instructions 6.05 (modified)

## Count One, Racketeering Act 1(b)
## Official Misconduct under 720 ILCS 5/33-3(a)(4)

Racketeering Act 1(b) alleges defendant Edward Burke committed the offense of official misconduct.

In order to find that defendant Edward Burke violated the Illinois official misconduct statute, 720 ILCS 5/33-3(a)(4), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Edward Burke was a public officer or public employee; and

2.      When in his official capacity, defendant Edward Burke solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 1(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 1(b).

GOVERNMENT INSTRUCTION NO. 37A (amended to add "reasonable doubt" paragraphs)
720 ILCS 5/33-3(a)(4); Ill. Pattern Criminal Jury Instructions 21.15, 21.16 (modified)

**Count One, Racketeering Act 1(c)**
**Use Of An Interstate Facility To Aid Unlawful Activity Under Title 18,**
**Section 1952(a)(3)**

Racketeering Act 1(c) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant committed Racketeering Act 1(c), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That  defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 1(c).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 1(c).

47

GOVERNMENT INSTRUCTION NO. 38A (amended to add "reasonable doubt")
Bauer Pattern Jury Instructions at p. 787-88 (modified)

## Count One, Racketeering Act 1(c)
### "Interstate Commerce"

With regard to Racketeering Act 1(c), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One Racketeering Act 1(c)
### "Unlawful Activity"

In Racketeering Act 1(c), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 1(c), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 1(c). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## Count One Racketeering Act 1(c)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One Racketeering Act 1(c)
### Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

2.     When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

52

## Count One Racketeering Act 1(c)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.      The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 1(c)
### Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a))
Bauer Pattern Jury Instruction 5.06(a)

54

## Count One, Racketeering Act 1(d)
## Use Of An Interstate Facility To Aid Unlawful Activity Under Title 18, Section 1952(a)(3)

Racketeering Act 1(d) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant committed Racketeering Act 1(d), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That  defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 1(d).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 1(d).

GOVERNMENT INSTRUCTION NO. 38A (amended to add "reasonable doubt")
Bauer Pattern Jury Instructions at p. 787-88 (modified)

## Count One, Racketeering Act 1(d)
### "Interstate Commerce"

With regard to Racketeering Act 1(d), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One Racketeering Act 1(d)
### "Unlawful Activity"

In Racketeering Act 1(d), the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 1(d), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 1(d). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

58

## Count One Racketeering Act 1(d)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1. The person solicits, receives, retains, or agrees to accept property from another; and

2. The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

59

**Count One Racketeering Act 1(d)**
**Official Misconduct**

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

2.     When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One Racketeering Act 1(d)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an <span style="color:red">employee</span>; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his <span style="color:red">employer's</span> affairs; and

4.      The person does so without the consent of his <span style="color:red">employer</span>.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 1(d)
### Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a))
Bauer Pattern Jury Instruction 5.06(a)

## Count One, Racketeering Act 2—Post Office

Racketeering Act 2 relates to defendant Edward Burke's alleged conduct concerning the Post Office project in or around August 2018.

There are two subparagraphs to Racketeering Act 2, which are identified as Racketeering Act 2(a) and 2(b). I will now explain the law applicable to these subparagraphs.

GOVERNMENT INSTRUCTION NO. 42 (modified to separately list elements)

## Count One, Racketeering Act 2(a)
## Use Of An Interstate Facility To Aid Unlawful Activity Under Title 18, Section 1952(a)(3)

Racketeering Act 2(a) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant committed Racketeering Act 2(a), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That  defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 2(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 2(a).

GOVERNMENT INSTRUCTION NO. 38A (amended to add "reasonable doubt")
Bauer Pattern Jury Instructions at p. 787-88 (modified)

**<u>Count One, Racketeering Act 2(a)</u>**
**"Interstate Commerce"**

With regard to Racketeering Act 2(a), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One Racketeering Act 2(a)
### "Unlawful Activity"

In Racketeering Act 2(a), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (2) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 2(a), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 2(a). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

### Count One Racketeering Act 2(a)
### Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.    The person was a public officer or public employee; and

    2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One Racketeering Act 2(a)
## Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

    1.  The person is an employee; and

    2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

    3.    The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

    4.    The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

69

**Count One, Racketeering Act 2(b)**
**Official Misconduct under 720 ILCS 5/33-3(a)(4)**

Racketeering Act 2(b) alleges defendant Edward Burke committed the offense of official misconduct. In order to find that defendant Edward Burke violated the Illinois official misconduct statute, 720 ILCS 5/33-3(a)(4), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Edward Burke was a public officer or public employee; and

2.     When in his official capacity, defendant Edward Burke solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 2(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 2(b).

GOVERNMENT INSTRUCTION NO. 37A (amended to add "reasonable doubt" paragraphs)
720 ILCS 5/33-3(a)(4); Ill. Pattern Criminal Jury Instructions 21.15, 21.16 (modified)

**<u>Count One, Racketeering Act 3—Burger King</u>**

Racketeering Act 3 relates to defendant Edward Burke's alleged conduct concerning the Burger King remodeling project in 2017 and 2018.

There are seven subparagraphs to Racketeering Act 3, which are identified as Racketeering Act 3(a) through 3(g). I will now explain the law applicable to these subparagraphs.

GOVERNMENT INSTRUCTION NO. 43A ("Burger King" added)

## Count One, Racketeering Act 3(a)
### Attempted Extortion

Racketeering Act 3(a) alleges that defendant Edward Burke committed the offense of attempted extortion, in violation of Title 18, United States Code, Section 1951(a). A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

To prove attempted extortion, the government must prove each of the following propositions beyond a reasonable doubt:

1.     That the defendant knowingly attempted to obtain money or property from Tri City Foods or its affiliate;

2.     That the defendant attempted to do so by means of extortion by fear or under color of official right;

3.     That the defendant believed that Tri City Foods or its affiliate would have parted with the money or property because of the extortion; and

4.     That the conduct of the defendant affected, would have affected or had the potential to affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 3(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a

reasonable doubt, then you should find defendant Edward Burke did not commit

Racketeering Act 3(a).

GOVERNMENT INSTRUCTION NO. 44A (modified to add reasonable doubt paragraphs)
Bauer Pattern Instructions 4.09
Bauer Pattern Instructions at 777 (modified)

**Count One, Racketeering Act 3(a)**
**Extortion "By Fear"**

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

74

**Count One, Racketeering Act 3(a)**
**Extortion Under "Color Of Official Right"**

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

**<u>Count One, Racketeering Act 3(a)</u>**
**Definition Of "Property"**

With respect to Count One, Racketeering Act 3(a), "property" is fees arising

from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm,

Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## Count One, Racketeering Act 3(a)
## Definition Of "Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

## Count One, Racketeering Act 3(a)
## Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a))
Bauer Pattern Jury Instruction 5.06(a)

78

## Count One, Racketeering Act 3(b)
## Extortion Conspiracy

Racketeering Act 3(b) alleges that defendant Edward Burke committed the crime of conspiracy to commit extortion, in violation of Title 18, United States Code, Section 1951(a). The government must prove each of the following propositions beyond a reasonable doubt:

1. The conspiracy as charged existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 3(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 3(b).

GOVERNMENT INSTRUCTION NO. 50A (modified to add reasonable doubt paragraphs)
Bauer Pattern Instructions 5.08B

**<u>Count One, Racketeering Act 3(b)</u>**
**Definition Of "Conspiracy"**

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

GOVERNMENT INSTRUCTION NO. 51
Bauer Pattern Instructions 5.09

**Count One, Racketeering Act 3(b)**
**Membership In Conspiracy**

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

[A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.]

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 52
Bauer Pattern Instructions 5.10

<u>**Count One, Racketeering Act 3(c)**</u>
**Attempted Bribery Under 720 ILCS 5/33-1(e) and 5/8-4**

Racketeering Act 3(c) alleges that defendant Edward Burke committed the offense of attempted bribery, in violation of 720 ILCS 5/33-1(e), and 720 ILCS 5/8-4.

A person commits the offense of bribery under 720 Illinois Compiled Statutes ("ILCS") 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

The term "public officer" under Illinois law is a person who is elected to office pursuant to statute to discharge a public duty for any political subdivision of the State of Illinois.

The term "public employee" under Illinois law is a person who is authorized to perform an official function on behalf of, and is paid by, any political subdivision of the State.

A person commits the offense of attempt under Illinois law under 720 ILCS 5/8-4, when he, with the intent to commit the offense, does any act which constitutes a substantial step toward the commission of the offense. The offense attempted need not have been committed. Therefore, in order to find that defendant Edward Burke committed the offense of attempted bribery as alleged in Racketeering Act 1(a), the government must prove each of the following propositions beyond a reasonable doubt:

82

1. That defendant Edward Burke performed an act which constituted a substantial step toward the commission of the offense of bribery, as described above; and

2. That defendant Edward Burke did so with the intent to commit the offense of bribery.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 3(c).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 3(c).

GOVERNMENT INSTRUCTION NO. 36A (amended to add "reasonable doubt" paragraphs and to substitute definition of "public officer" from Illinois pattern instructions)
*United States v. Blagojevich*, No. 08 CR 888, Dkt. 1023 at page 6445 (N.D. Ill.) (Zagel, J.) (modified)
720 ILCS 5/33-1(e)
720 ILCS 5/8-4
Ill. Pattern Criminal Jury Instructions 21.11, 21.12D (modified)

**Count One, Racketeering Act 3(d)**
**Official Misconduct Under 720 ILCS 5/33-3(a)(4)**

Racketeering Act 3(d) alleges that defendant Edward Burke committed the crime of official misconduct, in violation of 720 ILCS 5/33-3(a)(4).

In order to find that defendant Edward Burke violated the Illinois official misconduct statute, 720 ILCS 5/33-3(a)(4), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Edward Burke was a public officer or public employee; and

2.     When in his official capacity, defendant Edward Burke solicited or knowingly accepted for the performance of any act, a fee or reward which he knew was not authorized by law.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 3(d).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 3(d).

GOVERNMENT INSTRUCTION NO. 54A (amended per Court's 10/30/23 rulings)

### Count One, Racketeering Act 3(e)
### Use Of An Interstate Facility To Aid Unlawful Activity Under
### Title 18, Section 1952(a)(3)

Racketeering Act 3(e) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 3(e), the government must prove each of the following propositions beyond a reasonable doubt:

1.     That defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 3(e).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 3(e).

GOVERNMENT INSTRUCTION NO. 55A (amended per Court's 10/30/23 rulings)
Bauer Pattern Instructions at 777 (modified)

**Count One, Racketeering Act 3(e)**
**"Interstate Commerce"**

With regard to Racketeering Act 3(e), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One, Racketeering Act 3(e)
### "Unlawful Activity"

In Racketeering Act 3(e), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code § 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 3(e), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 3(e). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## Count One, Racketeering Act 3(e)
### Extortion

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.    The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.    The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.    Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.    The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.    The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

**Count One, Racketeering Act 3(e)**
**Extortion "By Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

## Count One, Racketeering Act 3(e)
### Extortion Under "Color Of Official Right"

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

## Count One, Racketeering Act 3(e)
### Definition Of "Property"

With respect to Count One, Racketeering Act 3(e), "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## Count One, Racketeering Act 3(e)
## Definition Of "Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

## **Count One, Racketeering Act 3(e)**
### **Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

94

## Count One, Racketeering Act 3(e)
## Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 3(e)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.  The person is an employee; and

2.  The person solicits, accepts, or agrees to accept a benefit from another person; and

3.  The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.  The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 3(e)
### Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49
Bauer Pattern Jury Instruction 5.06

97

## Count One, Racketeering Act 3(f)
### Use Of An Interstate Facility To Aid Unlawful Activity Under Title 18, Section 1952(a)(3)

Racketeering Act 3(f) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 3(f), the government must prove each of the following propositions beyond a reasonable doubt:

1.    That defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.    That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.    Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 3(f).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 3(f).

GOVERNMENT INSTRUCTION NO. 55A (amended per Court's 10/30/23 rulings)
Bauer Pattern Instructions at 777 (modified)

## Count One, Racketeering Act 3(f)
### "Interstate Commerce"

With regard to Racketeering Act 3(f), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One, Racketeering Act 3(f)
### "Unlawful Activity"

In Racketeering Act 3(f), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code § 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 3(f), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 3(f). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## Count One, Racketeering Act 3(f)
### Extortion

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.     The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.     The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.     Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.     The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

102

## Count One, Racketeering Act 3(f)
### Extortion "By Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

## Count One, Racketeering Act 3(f)
## Extortion Under "Color Of Official Right"

Extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

## Count One, Racketeering Act 3(f)
### Definition Of "Property"

With respect to Count One, Racketeering Act 3(f), "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

**<u>Count One, Racketeering Act 3(f)</u>**
**Definition Of "Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

106

## Count One, Racketeering Act 3(f)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

107

## Count One, Racketeering Act 3(f)
### Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.　　The person was a public officer or public employee; and

2.　　When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 3(f)
## Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.      The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

**<u>Count One, Racketeering Act 3(f)</u>**
**Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49
Bauer Pattern Jury Instruction 5.06

### Count One, Racketeering Act 3(g)
### Use Of An Interstate Facility To Aid Unlawful Activity Under
### Title 18, Section 1952(a)(3)

Racketeering Act 3(g) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 3(g), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That  defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 3(g).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 3(g).

GOVERNMENT INSTRUCTION NO. 55A (amended per Court's 10/30/23 rulings)
Bauer Pattern Instructions at 777 (modified)

## Count One, Racketeering Act 3(g)
### "Interstate Commerce"

With regard to Racketeering Act 3(g), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One, Racketeering Act 3(g)
### "Unlawful Activity"

In Racketeering Act 3(g), the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 3(g), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 3(g). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

114

**Count One, Racketeering Act 3(g)**
**Extortion**

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.     The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.     The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.     Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.     The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

## Count One, Racketeering Act 3(g)
### Extortion "By Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

**<u>Count One, Racketeering Act 3(g)</u>**
**Extortion Under "Color Of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

**Count One, Racketeering Act 3(g)**
**Definition Of "Property"**

With respect to Count One, Racketeering Act 3(g), "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

118

**Count One, Racketeering Act 3(g)**
**Definition Of "Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

## Count One, Racketeering Act 3(g)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

120

### Count One, Racketeering Act 3(g)
### Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.     The person was a public officer or public employee; and

    2.     When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 3(g)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.      The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 3(g)
### Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A
Bauer Pattern Jury Instruction 5.06(a)

123

## Count One, Racketeering Act 4—Pole Sign

Racketeering Act 4 relates to defendant Edward Burke's alleged conduct concerning the pole sign permit for defendant Charles Cui's property in 2017.

There are three subparagraphs to Racketeering Act 4, which are identified as Racketeering Act 4(a) through 4(c).  I will now explain the law applicable to these subparagraphs.

GOVERNMENT INSTRUCTION NO. 56

### Count One, Racketeering Act 4(a)
## Use of An Interstate Facility To Aid Unlawful Activity Under Title 18, Section 1952(a)(3)

Racketeering Act 4(a) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 4(a), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That  defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 4(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 4(a).

GOVERNMENT INSTRUCTION NO. 55A (amended per Court's 10/30/23 rulings)
Bauer Pattern Instructions at 777 (modified)

## Count One, Racketeering Act 4(a)
### "Interstate Commerce"

With regard to Racketeering Act 4(a), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One, Racketeering Act 4(a)
### "Unlawful Activity"

In Racketeering Act 4(a), the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(d) and 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1; and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 4(a), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 4(a). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

**Count One, Racketeering Act 4(a)**
**Bribery Under 720 ILCS 5/33-1(d)**

A person commits the offense of bribery under 720 ILCS 5/33-1(d) when:

1.     Burke received, retained, or agreed to accept property from Charles Cui that he was not authorized by law to accept; and

2.     Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

GOVERNMENT INSTRUCTION NO. 58A (modified to add "Charles Cui", and "authorized by law")
720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder,* 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).

## <u>Count One, Racketeering Act 4(a)</u>
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

130

**Count One, Racketeering Act 4(a)**
**Official Misconduct**

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.      The person was a public officer or public employee; and

2.      When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## <u>Count One, Racketeering Act 4(a)</u>
## Commercial Bribery

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-1 when:

1.     That person confers, offers, or agrees to confer a benefit upon an employee; and

2.     That person does so without the consent of the employer; and

3.     That person does so with the intent to influence the employee's conduct in relation to his employer's affairs.

GOVERNMENT INSTRUCTION NO. 57
Ill. Pattern Criminal Jury Instructions 21.07, 21.08 (modified); 720 ILCS 5/29A-1

132

**Count One, Racketeering Act 4(a)**
**Commercial Bribe Receiving**

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.    The person is an <span style="color:red">employee</span>; and

2.    The person solicits, accepts, or agrees to accept a benefit from another person; and

3.    The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his <span style="color:red">employer's</span> affairs; and

4.    The person does so without the consent of his <span style="color:red">employer</span>.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 4(a)
### Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A
Bauer Pattern Jury Instruction 5.06(a)

## Count One, Racketeering Act 4(b)
## Use of An Interstate Facility To Aid Unlawful Activity Under Title 18, Section 1952(a)(3)

Racketeering Act 4(b) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 4(a), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 4(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 4(b).

GOVERNMENT INSTRUCTION NO. 55A (amended per Court's 10/30/23 rulings)
Bauer Pattern Instructions at 777 (modified)

## Count One, Racketeering Act 4(b)
### "Interstate Commerce"

With regard to Racketeering Act 4(b), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

137

## Count One, Racketeering Act 4(b)
### "Unlawful Activity"

In Racketeering Act 4(b), the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(d) and 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1; and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Racketeering Act 4(b), the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Racketeering Act 4(b). However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

138

**<u>Count One, Racketeering Act 4(b)</u>**
**Bribery Under 720 ILCS 5/33-1(d)**

A person commits the offense of bribery under 720 ILCS 5/33-1(d) when:

1.      Burke received, retained, or agreed to accept property from Charles Cui that he was not authorized by law to accept; and

2.      Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

GOVERNMENT INSTRUCTION NO. 58A (modified to add "Charles Cui", and "authorized by law")
720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder*, 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).

139

## Count One, Racketeering Act 4(b)
### Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

140

## Count One, Racketeering Act 4(b)
## Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.    The person was a public officer or public employee; and

    2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

141

## Count One, Racketeering Act 4(b)
### Commercial Bribery

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-1 when:

1.    That person confers, offers, or agrees to confer a benefit upon an employee; and

2.    That person does so without the consent of the employer; and

3.    That person does so with the intent to influence the employee's conduct in relation to his employer's affairs.

GOVERNMENT INSTRUCTION NO. 57A
Ill. Pattern Criminal Jury Instructions 21.07, 21.08 (modified); 720 ILCS 5/29A-1

## Count One, Racketeering Act 4(b)
### Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1. The person is an employee; and

2. The person solicits, accepts, or agrees to accept a benefit from another person; and

3. The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4. The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count One, Racketeering Act 4(b)
### Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A
Bauer Pattern Jury Instruction 5.06

144

## Count One, Racketeering Act 4(c)
### Bribery Under 720 ILCS 5/33-1(d)

Racketeering Act 4(c) alleges that defendant Edward Burke committed the crime of bribery, in violation of 720 ILCS 5/33-1(d).

In order to find that Edward Burke violated 720 ILCS 5/33-1(d), the Illinois bribery statute, the government must prove each of the following propositions beyond a reasonable doubt:

1.     That Edward Burke received, retained, or agreed to accept property from Charles Cui that he was not authorized by law to accept; and

2.     That Edward Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 4(c).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 4(c).

GOVERNMENT INSTRUCTION NO. 58A (modified to add reasonable doubt paragraphs; "Charles Cui", and "authorized by law")

720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder,* 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).[1]

---

[1] Burke's Proposed Instruction No. 32 cites the wrong statutory provision. Racketeering Act 4(c) of the indictment alleges briber in violation of ILCS 5/33-1(d), the elements of which are listed in Illinois Pattern Jury Instruction 21.12C. Burke's proposed instruction incorrectly lists the elements of ILCS 5/33-1(3), the elements of which are listed in Illinois Pattern Jury Instruction 21.12D.

## <u>Count One, Racketeering Act 5—Field Museum</u>

Racketeering Act 5 relates to defendant Edward Burke's alleged conduct concerning the Field Museum in 2017.

There are two subparagraphs to Racketeering Act 5, which are identified as Racketeering Act 5(a) and 5(b). I will now explain the law applicable to these subparagraphs.

GOVERNMENT INSTRUCTION NO. 59A

147

## Count One, Racketeering Act 5(a)
### Attempted Extortion

Racketeering Act 5(a) alleges that defendant Edward Burke committed the offense of attempted extortion, in violation of Title 18, United States Code, Section 1951(a). A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

To prove attempted extortion, the government must prove each of the following propositions beyond a reasonable doubt:

1.     That the defendant knowingly attempted to obtain money or property from the Field Museum;

2.     That the defendant attempted to do so by means of extortion by fear or under color of official right;

3.     That the defendant believed that the Field Museum would have parted with the money or property because of the extortion; and

4.     That the conduct of the defendant affected, would have affected or had the potential to affect interstate commerce.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 5(a).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a

reasonable doubt, then you should find defendant Edward Burke did not commit

Racketeering Act 5(a).

GOVERNMENT INSTRUCTION NO. 44A (modified to add reasonable doubt paragraphs)
Bauer Pattern Instructions 4.09
Bauer Pattern Instructions at 777 (modified)

**<u>Count One, Racketeering Act 5(a)</u>**
**Definition Of Extortion "By Fear"**

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

**<u>Count One, Racketeering Act 5(a)</u>**
**Definition of Extortion Under "Color Of Official Right"**

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

**<u>Count One, Racketeering Act 5(a)</u>**
**Definition Of "Property"**

With respect to Count One, Racketeering Act 5(a), "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

**Count One, Racketeering Act 5(a)**
**Definition Of "Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

## Count One, Racketeering Act 5(b)
### Use Of An Interstate Facility To Aid Unlawful Activity Under
### Title 18, Section 1952(a)(3)

Racketeering Act 5(b) alleges defendant Edward Burke used an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3).

In order for you to find the defendant committed Racketeering Act 5(b), the government must prove each of the following propositions beyond a reasonable doubt:

1.      That defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke committed Racketeering Act 5(b).

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find defendant Edward Burke did not commit Racketeering Act 5(b).

GOVERNMENT INSTRUCTION NO. 55A (amended per Court's 10/30/23 rulings)
Bauer Pattern Instructions at 777 (modified)

## Count One, Racketeering Act 5(b)
### "Interstate Commerce"

With regard to Racketeering Act 5(b), the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count One, Racketeering Act 5(b)
### "Unlawful Activity"

In Racketeering Act 5(b), the government has alleged that a single telephone call was intended to promote "unlawful activities," namely extortion, in violation of Title 18, United States Code, Section 1951(a). With respect to Racketeering Act 5(b), the government is not required to prove that the unlawful activity was actually committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge) Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## Count One, Racketeering Act 5(b)
### Extortion

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.   The defendant knowingly obtained money or property from the Field Museum; and

2.   The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.   The Field Museum consented to part with the money or property because of the extortion; and

4.   The defendant believed that the Field Museum parted with the money or property because of the extortion; and

5.   The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

**Count One, Racketeering Act 5(b)**
**Definition Of Extortion "By Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

## Count One, Racketeering Act 5(b)
### Definition of Extortion Under "Color Of Official Right"

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

## Count One, Racketeering Act 5(b)
### Definition Of "Property"

With respect to Count One, Racketeering Act 5(b), "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

**<u>Count One, Racketeering Act 5(b)</u>**
**Definition Of "Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

## Count One, Racketeering Act 5(b)
### Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A
Bauer Pattern Jury Instruction 5.06(a)

163

**COUNT TWO, CORRUPTLY SOLICITING AND DEMANDING THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(1)(B)**

## Count Two—Elements

Count Two of the indictment charges defendant Edward Burke with corruptly soliciting and demanding things of value. In order for you to find defendant Edward Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant was an agent of a local government; and

2.     The defendant solicited or demanded a thing of value from another person; and

3.     The defendant did so corruptly, that is, with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties; and

4.     The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government; and

5.     This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.     The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Two.

GOVERNMENT INSTRUCTION NO. 61
Pattern Instructions (2022 Updates) at p. 6 (modified)

## Count Two—"Agent"

An "agent" is a person who is authorized to act on behalf of a local government, including an employee, officer, or representative.

The agent need not have unilateral control over the business, transaction, or series of transactions; influence is sufficient.

[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.]

GOVERNMENT § 666 INSTRUCTION NO. 64A ("exclusive" changed to "unilateral" per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 307 (modified) and Committee Comments to 18 U.S.C. § 666(a)(1)(B); *Salinas v. United States*, 522 U.S. 52, 55-60 (1997); *United States v. Gee*, 432 F.3d 713, 715 (7th Cir. 2005); *United States v. Mullins*, 12 CR 596, Dkt. 152 at 35 (N.D. Ill.) (St. Eve, J.).

## **Count Two—Bona Fide Compensation**

Bona fide fees or other compensation paid in the usual course of business, do not qualify as a thing of value solicited or demanded or given, offered, or agreed to be given by the defendant.

GOVERNMENT INSTRUCTION NO. 65
Bauer Pattern Jury Instructions at p. 306 (modified)
**This bracketed instruction should be given at the conclusion of trial only if there is a sufficient basis in the record to support a finding that it applies as to a particular count. The Court should reserve the question of whether this instruction is appropriately given until the conclusion of the evidence.

## **Count Two— Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

**COUNT THREE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

**Count Three—Elements**

Count Three of the indictment charges defendant Edward Burke with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Three.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Three.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Three—"Interstate Commerce"

With regard to Count Three, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count Three—Unlawful Activity

In Count Three, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Three, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Three. However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

173

## Count Three—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Three—Official Misconduct**

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.    The person was a public officer or public employee; and

    2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count Three—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1. The person is an employee; and

2. The person solicits, accepts, or agrees to accept a benefit from another person; and

3. The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4. The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Three—Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

**COUNT FOUR, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

**Count Four—Elements**

Count Four of the indictment charges defendant Edward Burke with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     That  defendant Edward Burke used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Edward Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant Edward Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Four.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Four.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Four—"Interstate Commerce"

With regard to Count Four, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count Four—Unlawful Activity

In Count Four, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1(e); (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Four, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Four. However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## **Count Four—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count Four—Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.     The person was a public officer or public employee; and

    2.     When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## <u>Count Four—Commercial Bribe Receiving</u>

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.     The person is an employee; and

2.     The person solicits, accepts, or agrees to accept a benefit from another person; and

3.     The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.     The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count Four—Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

185

**COUNT FIVE,  ATTEMPTED EXTORTION UNDER TITLE 18, SECTION 1951(a)**

## **Count Five—Elements**

Count Five of the indictment charges defendants Edward Burke and Peter Andrews with attempted extortion related to Tri City Foods or its affiliate. In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly attempted to obtain money or property from Tri City Foods or its affiliate;

2. That the defendant attempted to do so by means of extortion by fear or under color of official right;

3. That the defendant believed that Tri City Foods or its affiliate would have parted with the money or property because of the extortion; and

4. That the conduct of the defendant affected, would have affected or had the potential to affect interstate commerce.

A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Five.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt

as to the defendant you are considering, then you should find the defendant not guilty

of Count Five.

GOVERNMENT INSTRUCTION NO. 67A
Bauer Pattern Instructions at 777 (modified)
Bauer Pattern Instructions 4.09

**<u>Count Five—Knowingly</u>**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 30A (amended to remove reference to other counts)
Bauer Pattern Jury Instruction 4.10 (modified)

## Count Five—Extortion "By Fear"

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

190

## **Count Five—Extortion Under "Color Of Official Right"**

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

191

## Count Five—"Property"

With respect to Five, "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## **Count Five— "Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

## **Count Five—Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a))
Bauer Pattern Jury Instruction 5.06(a)

194

**COUNT SIX, EXTORTION CONSPIRACY UNDER TITLE 18, SECTION 1951(a)**

## Count Six—Elements

Count Six of the indictment charges defendants Edward Burke and Peter Andrews with conspiracy to commit extortion. In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      The conspiracy as charged existed; and

2.      The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Six.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Six.

GOVERNMENT INSTRUCTION NO. 69A (modified to list all elements and adopted portions of Burke's Instruction No. 39)
Bauer Pattern Instructions 5.08B

196

## Count Six— "Conspiracy"

A "conspiracy" is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

GOVERNMENT INSTRUCTION NO. 51
Bauer Pattern Instructions 5.09

## **Count Six—Membership In Conspiracy**

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

[A defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.]

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 52
Bauer Pattern Instructions 5.10

## **Count Six—Knowingly**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 30A (amended to remove reference to other counts)
Bauer Pattern Jury Instruction 4.10 (modified)

**COUNT SEVEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL
ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

### Count Seven—Elements

Count Seven of the indictment charges defendants Edward Burke and Peter Andrews with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That  defendants used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendants did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter the defendants did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Seven.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Seven.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND
FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING
ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Seven—"Interstate Commerce"

With regard to Count Seven, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count Seven—Unlawful Activity

In Count Seven, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Seven, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Seven. However, you must unanimously agree on which unlawful activity defendants committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## **Count Seven—Extortion**

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.     The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.     The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.     Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.     The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

## Count Seven—Definition Of Extortion "By Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

206

**Count Seven—Extortion Under "Color Of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

## **Count Seven—"Property"**

With respect to Count Seven, "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## **Count Seven—"Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

**<u>Count Seven—Bribery</u>**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Seven—Official Misconduct**

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Seven—Commercial Bribe Receiving**

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an <span style="color:red">employee</span>; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his <span style="color:red">employer's</span> affairs; and

4.      The person does so without the consent of his <span style="color:red">employer</span>.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Seven—Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

**COUNT EIGHT, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

### Count Eight—Elements

Count Eight of the indictment charges defendants Edward Burke and Peter Andrews with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That defendants used or caused to be used a facility in interstate or foreign commerce; and

2.      That defendants did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter the defendants did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Eight.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Eight.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND
FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING
ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## <u>Count Eight —"Interstate Commerce"</u>

With regard to Count Eight, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

217

## Count Eight —Unlawful Activity

In Count Eight, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Eight, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Eight. However, you must unanimously agree on which unlawful activity defendants committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## **Count Eight—Extortion**

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.    The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.    The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.    Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.    The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.    The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

219

## Count Eight—Extortion "By Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

220

## **Count Eight—Extortion Under "Color Of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

221

## **Count Eight—"Property"**

With respect to Count Eight, "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## **Count Eight—"Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

223

## **Count Eight—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

224

## Count Eight—Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.    The person was a public officer or public employee; and

    2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count Eight—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.      The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

226

## **Count Eight— Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

227

**COUNT NINE, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

## **Count Nine—Elements**

Count Nine of the indictment charges defendant Edward Burke with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     That defendant used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Nine.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Nine.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Nine —"Interstate Commerce"

With regard to Count Nine, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count Nine —Unlawful Activity

In Count Nine, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) extortion, in violation of Title 18, United States Code, Section 1951(a); (2) bribery, in violation of 720 ILCS 5/33-1(e); (3) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Nine, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Nine. However, you must unanimously agree on which unlawful activity defendants committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

**<u>Count Nine—Extortion</u>**

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1.     The defendant knowingly obtained money or property from Tri City Foods or its affiliate; and

2.     The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3.     Tri City Foods or its affiliate consented to part with the money or property because of the extortion; and

4.     The defendant believed that Tri City Foods or its affiliate parted with the money or property because of the extortion; and

5.     The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

## Count Nine—Extortion "By Fear"

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

## **Count Nine—Extortion Under "Color Of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

234

**<u>Count Nine—"Property"</u>**

With respect to Count Nine, "property" is fees arising from Tri City Foods' or its affiliate's retention of defendant Edward Burke's law firm, Klafter & Burke.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## <u>Count Nine—"Interstate Commerce"</u>

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

**<u>Count Nine—Bribery</u>**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

237

## Count Nine—Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.    The person was a public officer or public employee; and

    2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## <u>Count Nine—Commercial Bribe Receiving</u>

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.     The person is an employee; and

2.     The person solicits, accepts, or agrees to accept a benefit from another person; and

3.     The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.     The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Nine—Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

# COUNT TEN, FALSE STATEMENTS UNDER TITLE 18, SECTION 1001(a)(2)

## **Count Ten—Elements**

Count Ten charges defendant Peter Andrews with making a false statement. In order for you to find a defendant guilty of making a false statement, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant made a statement; and

2.     The statement was false or fraudulent; and

3.     The statement was material; and

4.     The defendant acted knowingly and willfully; and

5.     The defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Ten.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Ten.

GOVERNMENT INSTRUCTION NO. 70
Bauer Pattern Instructions at p. 432

## **Count Ten—"False"**

A statement is false if it was untrue when made.

GOVERNMENT INSTRUCTION NO. 71
Bauer Pattern Instructions at p. 437

## **Count Ten—"Fraudulent"**

A statement is fraudulent if it is made with intent to deceive.

GOVERNMENT INSTRUCTION NO. 72
Bauer Pattern Instructions at p. 438

244

## Count Ten—"Matter Within The Jurisdiction of The Executive Branch"

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States. Statements concerning potential violations of federal criminal law are within the jurisdiction of that branch.

GOVERNMENT INSTRUCTION NO. 73
Bauer Pattern Instructions at p. 441
*United States v. Weiss*, 19 CR 805, Dkt. 319-1 at p. 38 (N.D. Ill.).

245

## Count Ten—"Material"

A statement is "material" if it is capable of influencing the actions of the Federal Bureau of Investigation. The government is not required to prove that the statement actually influenced the actions of the Federal Bureau of Investigation.

A statement may be material even if FBI agents believed that it was false at the time of the statement. A statement also may be material if the statement casts suspicion away from the speaker or misdirects the agents, even if the statement does not succeed in doing so.

GOVERNMENT INSTRUCTION NO. 74

Bauer Pattern Instructions at p. 439 (modified); *United States v. Thompson*, 842 F.3d 1002, 1008 (7th Cir. 2016) ("Thompson's lies were material because they had the obvious intention of misdirecting Agent Reynolds and his investigation."); *United States v. Lupton*, 620 F.3d 790, 806-07 (7th Cir. 2010) ("When statements are aimed at misdirecting agents and their investigation, even if they miss spectacularly or stand absolutely no chance of succeeding, they satisfy the materiality requirement of 18 U.S.C. § 1001."); *United States v. Zambrano*, No. 1:20-CR-00049, 2021 WL 6125872, at *8 (N.D. Ill. Dec. 28, 2021) (Chang, J.) (instructing jury that "[a] statement may be material even if the FBI or DHS-OIG agents believed that it was false at the time of the statement. A statement also may be material if the statement casts suspicion away from the speaker or misdirects the agents, even if the statement does not succeed in doing so."); *United States v. Weiss*, 19 CR 805, Dkt. 319-1 at p. 38 (N.D. Ill.) (Seeger, J.) (similar instruction given for § 1001 count).

246

### Count Ten—Knowingly

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 30A (amended to remove reference to other counts)
Bauer Pattern Jury Instruction 4.10 (modified)

## **Count Ten—"Willfully"**

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something illegal.

GOVERNMENT INSTRUCTION NO. 75
Bauer Pattern Instructions at p. 440

## **Count Ten—Unanimity**

Count Ten charges defendant Peter Andrews with making a materially false statements in a matter with the jurisdiction of the Federal Bureau of Investigation. Count Seventeen charges defendant Charles Cui with making a materially false statements in a matter with the jurisdiction of the Federal Bureau of Investigation. The government is not required to prove that the defendant made every one of the false statements alleged in Count Ten and Count Seventeen. However, the government is required to prove that the defendant made at least one of the false statements that is alleged in Count Ten and in Count Seventeen in order to prove that particular count. To find that the government has proven this, you must agree unanimously on which particular false statement or statements the defendant made as to each count you are considering, as well as all of the other elements of the crime charged.

As an example, if some of you were to find that the government has proved beyond a reasonable doubt that a defendant made a false statement regarding a business meeting in December 2017, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant made a false statement regarding a vacation he took in July 2019, then there would be no unanimous agreement on which false statement the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant made a false statement regarding a business meeting in December 2017, then there would be a unanimous agreement on which false statement the government proved.

GOVERNMENT INSTRUCTION NO. 76A (modified so that the examples do not list names)
Bauer Pattern Jury Instruction 4.04 (modified)

**COUNT ELEVEN, CORRUPTLY ACCEPTING AND AGREEING TO ACCEPT THINGS OF VALUE UNDER TITLE 18, UNITED STATES CODE SECTION 666(a)(1)(B)**

**Count Eleven—Elements**

Count Eleven of the indictment charges defendant Edward Burke with corruptly accepting and agreeing to accept things of value. In order for you to find defendant Edward Burke guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant was an agent of a local government; and

2.      The defendant accepted or agreed to accept a thing of value from another person; and

3.      The defendant did so corruptly, that is, with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties; and

4.      The defendant acted with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government; and

5.      This business, transaction, or series of transactions involved a thing of a value of $5,000 or more; and

6.      The local government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Eleven.

252

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Eleven.

GOVERNMENT INSTRUCTION NO. 62
Pattern Instructions (2022 Updates) at p. 6 (modified)

## Count Eleven—"Agent"

An "agent" is a person who is authorized to act on behalf of a local government, including an employee, officer, or representative.

The agent need not have unilateral control over the business, transaction, or series of transactions; influence is sufficient.

[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.]

GOVERNMENT § 666 INSTRUCTION NO. 64A ("exclusive" changed to "unilateral" per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 307 (modified) and Committee Comments to 18 U.S.C. § 666(a)(1)(B); *Salinas v. United States*, 522 U.S. 52, 55-60 (1997); *United States v. Gee*, 432 F.3d 713, 715 (7th Cir. 2005); *United States v. Mullins*, 12 CR 596, Dkt. 152 at 35 (N.D. Ill.) (St. Eve, J.).

## **Count Eleven—Bona Fide Compensation**

Bona fide fees or other compensation paid in the usual course of business, do not qualify as a thing of value solicited or demanded or given, offered, or agreed to be given by the defendant.

GOVERNMENT INSTRUCTION NO. 65
Bauer Pattern Jury Instructions at p. 306 (modified)
**This bracketed instruction should be given at the conclusion of trial only if there is a sufficient basis in the record to support a finding that it applies as to a particular count. The Court should reserve the question of whether this instruction is appropriately given until the conclusion of the evidence.

**COUNT TWELVE, CORRUPTLY OFFERING THINGS OF VALUE UNDER
TITLE 18, UNITED STATES CODE SECTION 666(a)(2)**

### Count Twelve—Elements

Count Twelve of the indictment charges defendant Charles Cui with corruptly offering or agreeing to give things of value. In order for you to find defendant Charles Cui guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant gave, offered, or agreed to give a thing of value to another person; and

2. The defendant did so corruptly with the intent to influence or reward an agent of a local government, or any agency thereof, in connection with some business, transaction, or series of transactions of the government; and

3. This business, transaction, or series of transactions involved a thing with a value of $5,000 or more; and

4. That the City of Chicago, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

A person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of a government in connection with the agent's official duties.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Twelve.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Twelve.

GOVERNMENT INSTRUCTION NO. 63
Pattern Instructions (2022 Updates) at p. 10 (modified)

## Count Twelve—"Agent"

An "agent" is a person who is authorized to act on behalf of a local government, including an employee, officer, or representative.

The agent need not have unilateral control over the business, transaction, or series of transactions; influence is sufficient.

[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.]

GOVERNMENT § 666 INSTRUCTION NO. 64A ("exclusive" changed to "unilateral" per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 307 (modified) and Committee Comments to 18 U.S.C. § 666(a)(1)(B); *Salinas v. United States*, 522 U.S. 52, 55-60 (1997); *United States v. Gee*, 432 F.3d 713, 715 (7th Cir. 2005); *United States v. Mullins*, 12 CR 596, Dkt. 152 at 35 (N.D. Ill.) (St. Eve, J.).

## **Count Twelve—Bona Fide Compensation**

Bona fide fees or other compensation paid in the usual course of business, do not qualify as a thing of value solicited or demanded or given, offered, or agreed to be given by the defendant.

GOVERNMENT INSTRUCTION NO. 65
Bauer Pattern Jury Instructions at p. 306 (modified)
**This bracketed instruction should be given at the conclusion of trial only if there is a sufficient basis in the record to support a finding that it applies as to a particular count. The Court should reserve the question of whether this instruction is appropriately given until the conclusion of the evidence.

**COUNT THIRTEEN, USE OF AN INTERSTATE FACILITY TO AID
UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

## Count Thirteen—Elements

Count Thirteen of the indictment charges defendant Charles Cui with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     That defendant Charles Cui used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Charles Cui did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant Charles Cui did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Thirteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Thirteen.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND
FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING
ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Thirteen—"Interstate Commerce"

With regard to Count Thirteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

263

## **Count Thirteen—Unlawful Activity**

In Count Thirteen, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1, and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Thirteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Thirteen. However, you must unanimously agree on which unlawful activity defendant Cui committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## **Count Thirteen—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(a) when:

1.    Edward Burke was a public officer or public employee; and

2.    The person promised or tendered to Burke property or a personal advantage;

3.    The person did so with the intent to influence the performance of any act related to Burke's employment or function as a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 85
Ill. Pattern Criminal Jury Instructions 21.12; 720 ILCS 5/33-1(a)

265

## Count Thirteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(d) when:

1.      Burke received, retained, or agreed to accept property from Charles Cui that he was not authorized by law to accept; and

2.      Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

GOVERNMENT INSTRUCTION NO. 58A (modified to add "Charles Cui", and "authorized by law")
720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder,* 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).

## **Count Thirteen—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## <u>Count Thirteen—Official Misconduct</u>

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.     The person was a public officer or public employee; and

2.     When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## <u>Count Thirteen—Commercial Bribery</u>

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1.    That person confers, offers, or agrees to confer a benefit upon an employee; and

2.    That person does so without the consent of the employer; and

3.    That person does so with the intent to influence the employee's conduct in relation to his employer's affairs.

GOVERNMENT INSTRUCTION NO. 57
Ill. Pattern Criminal Jury Instructions 21.07, 21.08 (modified); 720 ILCS 5/29A-1

269

## Count Thirteen—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.      The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

270

**COUNT FOURTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

**Count Fourteen—Elements**

Count Fourteen of the indictment charges defendant Charles Cui with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.     That defendant Charles Cui used or caused to be used a facility in interstate or foreign commerce; and

2.     That defendant Charles Cui did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.     Thereafter the defendant Charles Cui did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Fourteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Fourteen.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Fourteen—"Interstate Commerce"

With regard to Count Fourteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## **Count Fourteen—Unlawful Activity**

In Count Fourteen, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1, and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Fourteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Fourteen. However, you must unanimously agree on which unlawful activity defendant Cui committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

274

## Count Fourteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(a) when:

1.     Edward Burke was a public officer or public employee; and

2.     The person promised or tendered to Burke property or a personal advantage;

3.     The person did so with the intent to influence the performance of any act related to Burke's employment or function as a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 85
Ill. Pattern Criminal Jury Instructions 21.12; 720 ILCS 5/33-1(a)

275

## Count Fourteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(d) when:

1.      Burke received, retained, or agreed to accept property from Charles Cui that he was not authorized by law to accept; and

2.      Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

GOVERNMENT INSTRUCTION NO. 58A (modified to add "Charles Cui", and "authorized by law")
720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder,* 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).

## Count Fourteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.    The person solicits, receives, retains, or agrees to accept property from another; and

2.    The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count Fourteen—Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

278

## <u>Count Fourteen—Commercial Bribery</u>

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1.    That person confers, offers, or agrees to confer a benefit upon an <span style="color:red">employee</span>; and

2.    That person does so without the consent of the <span style="color:red">employer</span>; and

3.    That person does so with the intent to influence the <span style="color:red">employee's</span> conduct in relation to his <span style="color:red">employer's</span> affairs.

GOVERNMENT INSTRUCTION NO. 57
Ill. Pattern Criminal Jury Instructions 21.07, 21.08 (modified); 720 ILCS 5/29A-1

279

## Count Fourteen—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an employee; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4.      The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

**COUNT FIFTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

**Count Fifteen—Elements**

Count Fifteen of the indictment charges defendants Edward Burke and Charles Cui with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendants guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.　　That defendants used or caused to be used a facility in interstate or foreign commerce; and

2.　　That defendants did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.　　Thereafter defendants did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant guilty of Count Fifteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the defendant you are considering, then you should find the defendant not guilty of Count Fifteen.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)

Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);

Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Fifteen—"Interstate Commerce"

With regard to Count Fifteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count Fifteen—Unlawful Activity

In Count Fifteen, the government has alleged that a single email was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); (3) commercial bribery, in violation of 720 ILCS 5/29A-1, and (4) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Fifteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Fifteen. However, you must unanimously agree on which unlawful activity defendants committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## **Count Fifteen—Bribery**

A person commits the offense of bribery under 720 ILCS 5/33-1(a) when:

1.    Edward Burke was a public officer or public employee; and

2.    The person promised or tendered to Burke property or a personal advantage;

3.    The person did so with the intent to influence the performance of any act related to Burke's employment or function as a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 85
Ill. Pattern Criminal Jury Instructions 21.12; 720 ILCS 5/33-1(a)

286

## Count Fifteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(d) when:

3.      Burke received, retained, or agreed to accept property from Charles Cui that he was not authorized by law to accept; and

4.      Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

GOVERNMENT INSTRUCTION NO. 58A (modified to add "Charles Cui", and "authorized by law")
720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder,* 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).

**<u>Count Fifteen—Bribery</u>**

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.     The person solicits, receives, retains, or agrees to accept property from another; and

2.     The person does so <span style="color:red">pursuant to an understanding</span> that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Fifteen—Official Misconduct**

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

    1.    The person was a public officer or public employee; and

    2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count Fifteen—Commercial Bribery

A person commits the offense of commercial bribery under 720 ILCS 5/29A-1 when:

1.     That person confers, offers, or agrees to confer a benefit upon an employee; and

2.     That person does so without the consent of the employer; and

3.     That person does so with the intent to influence the employee's conduct in relation to his employer's affairs.

GOVERNMENT INSTRUCTION NO. 57
Ill. Pattern Criminal Jury Instructions 21.07, 21.08 (modified); 720 ILCS 5/29A-1

290

## **Count Fifteen—Commercial Bribe Receiving**

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1. The person is an employee; and

2. The person solicits, accepts, or agrees to accept a benefit from another person; and

3. The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his employer's affairs; and

4. The person does so without the consent of his employer.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16
(modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Fifteen— Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a))
Bauer Pattern Jury Instruction 5.06(a)

**COUNT SIXTEEN, USE OF AN INTERSTATE FACILITY TO AID UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

## Count Sixteen—Elements

Count Sixteen of the indictment charges defendant Edward Burke with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Sixteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Sixteen.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## **Count Sixteen—"Interstate Commerce"**

With regard to Count Sixteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

## Count Sixteen —Unlawful Activity

In Count Sixteen, the government has alleged that a single telephone call was intended to promote multiple "unlawful activities," namely: (1) bribery, in violation of 720 ILCS 5/33-1; (2) official misconduct, in violation of 720 ILCS 5/33-3(a)(4); and (3) commercial bribe receiving, in violation of 720 ILCS 5/29A-2.

With respect to Count Sixteen, the government is not required to prove that the unlawful activity was actually committed. Moreover, you need only find that an interstate facility was used in aid of at least one of the unlawful activities specified in Count Sixteen. However, you must unanimously agree on which unlawful activity defendant Burke committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

296

**<u>Count Sixteen—Bribery</u>**

A person commits the offense of bribery under 720 ILCS 5/33-1(a) when:

1.    Edward Burke was a public officer or public employee; and

2.    The person promised or tendered to Burke property or a personal advantage;

3.    The person did so with the intent to influence the performance of any act related to Burke's employment or function as a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 85
Ill. Pattern Criminal Jury Instructions 21.12; 720 ILCS 5/33-1(a)

### Count Sixteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(d) when:

1.   Burke received, retained, or agreed to accept property from Charles Cui that he was not authorized by law to accept; and

2.   Burke knew that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or public employee.

This statute does not require that the act to be influenced ever be performed.

The term "tender" under Illinois law means any delivery or proffer made with the requisite intent.

GOVERNMENT INSTRUCTION NO. 58A (modified to add "Charles Cui", and "authorized by law")
720 ILCS 5/33-1(d); Ill. Pattern Criminal Jury Instructions 21.11, 21.12C; *see also United States v. Crowder,* 20 CR 66, Dkt. 76 at page 19 (N.D. Ill.) (Dow, J.); *People v. Dougherty*, 160 Ill.App.3d 870, 874 (1st Dist. 1987) ("In order to commit the offense of bribery, the statute does not require that the act to be influenced ever be performed."); *People v. Wright*, 105 Ill.App.3d 187, 190 (2nd Dist. 1982) ("The language of the statute, however, does not require the performance of an illegal act. The statute requires only that the defendant received, retained or agreed to accept the money knowing that it was offered with the intent that it influence the defendant as a public officer in the performance of an official act."); *People v. Banton*, 2016 IL App (1st) 142091-U, ¶ 45 (unpublished) (same).

## Count Sixteen—Bribery

A person commits the offense of bribery under 720 ILCS 5/33-1(e) when:

1.      The person solicits, receives, retains, or agrees to accept property from another; and

2.      The person does so pursuant to an understanding that he would improperly influence or attempt to influence the performance of an act or function of a public officer or public employee.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

299

## Count Sixteen—Official Misconduct

A person commits the offense of official misconduct under 720 ILCS 5/33-3(a)(4) when:

1.    The person was a public officer or public employee; and

2.    When in his official capacity, the person solicits or knowingly accepts for the performance of any act, a fee or reward which he knows is not authorized by law.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## Count Sixteen—Commercial Bribe Receiving

A person commits the offense of commercial bribe receiving under 720 ILCS 5/29A-2 when:

1.      The person is an <span style="color:red">employee</span>; and

2.      The person solicits, accepts, or agrees to accept a benefit from another person; and

3.      The person does so upon an understanding or agreement that such benefit would influence his conduct in relation to his <span style="color:red">employer's</span> affairs; and

4.      The person does so without the consent of his <span style="color:red">employer</span>.

GOVERNMENT INSTRUCTION NO. 41A  (separated per Court's 10/30/23 rulings)
Ill. Pattern Criminal Jury Instructions 21.09, 21.10, 21.11, 21.12D, 21.15, 21.16 (modified); 720 ILCS 5/29A-2; 720 ILCS 5/33-3(a)(4); 720 ILCS 5/33-1(e)

## **Count Sixteen— Aiding and Abetting**

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

302

**COUNT SEVENTEEN, FALSE STATEMENTS UNDER TITLE 18, SECTION 1001(a)(2)**

## **Count Seventeen—Elements**

Count Seventeen charges defendant Charles Cui with making a false or fraudulent statement. In order for you to find a defendant guilty of making a false statement, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant made a statement; and

2.      The statement was false or fraudulent; and

3.      The statement was material; and

4.      The defendant acted knowingly and willfully; and

5.      The defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Seventeen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Seventeen.

GOVERNMENT INSTRUCTION NO. 70
Bauer Pattern Instructions at p. 432

## Count Seventeen—"False"

A statement is false if it was untrue when made.

GOVERNMENT INSTRUCTION NO. 71
Bauer Pattern Instructions at p. 437

## **Count Seventeen—"Fraudulent"**

A statement is fraudulent if it is made with intent to deceive.

GOVERNMENT INSTRUCTION NO. 72
Bauer Pattern Instructions at p. 438

## Count Seventeen—"Matter Within The Jurisdiction of The Executive Branch"

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States. Statements concerning potential violations of federal criminal law are within the jurisdiction of that branch.

GOVERNMENT INSTRUCTION NO. 73
Bauer Pattern Instructions at p. 441
*United States v. Weiss*, 19 CR 805, Dkt. 319-1 at p. 38 (N.D. Ill.).

307

## Count Seventeen—"Material"

A statement is "material" if it is capable of influencing the actions of the Federal Bureau of Investigation. The government is not required to prove that the statement actually influenced the actions of the Federal Bureau of Investigation.

A statement may be material even if FBI agents believed that it was false at the time of the statement. A statement also may be material if the statement casts suspicion away from the speaker or misdirects the agents, even if the statement does not succeed in doing so.

GOVERNMENT INSTRUCTION NO. 74
Bauer Pattern Instructions at p. 439 (modified); *United States v. Thompson*, 842 F.3d 1002, 1008 (7th Cir. 2016) ("Thompson's lies were material because they had the obvious intention of misdirecting Agent Reynolds and his investigation."); *United States v. Lupton*, 620 F.3d 790, 806-07 (7th Cir. 2010) ("When statements are aimed at misdirecting agents and their investigation, even if they miss spectacularly or stand absolutely no chance of succeeding, they satisfy the materiality requirement of 18 U.S.C. § 1001."); *United States v. Zambrano*, No. 1:20-CR-00049, 2021 WL 6125872, at *8 (N.D. Ill. Dec. 28, 2021) (Chang, J.) (instructing jury that "[a] statement may be material even if the FBI or DHS-OIG agents believed that it was false at the time of the statement. A statement also may be material if the statement casts suspicion away from the speaker or misdirects the agents, even if the statement does not succeed in doing so."); *United States v. Weiss*, 19 CR 805, Dkt. 319-1 at p. 38 (N.D. Ill.) (Seeger, J.) (similar instruction given for § 1001 count).

## Count Seventeen—"Knowingly"

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 30A (amended to remove reference to other counts)
Bauer Pattern Jury Instruction 4.10 (modified)

309

**<u>Count Seventeen—"Willfully"</u>**

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something illegal.

GOVERNMENT INSTRUCTION NO. 75
Bauer Pattern Instructions at p. 440

## Count Seventeen—Unanimity

Count Ten charges defendant Peter Andrews with making a materially false statements in a matter with the jurisdiction of the Federal Bureau of Investigation. Count Seventeen charges defendant Charles Cui with making a materially false statements in a matter with the jurisdiction of the Federal Bureau of Investigation. The government is not required to prove that the defendant made every one of the false statements alleged in Count Ten and Count Seventeen. However, the government is required to prove that the defendant made at least one of the false statements that is alleged in Count Ten and in Count Seventeen in order to prove that particular count. To find that the government has proven this, you must agree unanimously on which particular false statement or statements the defendant made as to each count you are considering, as well as all of the other elements of the crime charged.

As an example, if some of you were to find that the government has proved beyond a reasonable doubt that a defendant made a false statement regarding a business meeting in December 2017, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant made a false statement regarding a vacation he took in July 2019, then there would be no unanimous agreement on which false statement the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant made a false statement regarding a business meeting in December 2017, then there would be a unanimous agreement on which false statement the government proved.

GOVERNMENT INSTRUCTION NO. 76
Bauer Pattern Jury Instruction 4.04 (modified)

**COUNT EIGHTEEN, ATTEMPTED EXTORTION UNDER TITLE 18, SECTION 1951(a)**

## Count Eighteen—Elements

Count Eighteen of the indictment charges Edward Burke with attempted extortion related to the Field Museum. In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant knowingly attempted to obtain money or property from the Field Museum;

2. That the defendant attempted to do so by means of extortion by fear or under color of official right;

3. That the defendant believed that the Field Museum would have parted with the money or property because of the extortion; and

4. That the conduct of the defendant affected, would have affected or had the potential to affect interstate commerce.

A person attempts to commit extortion if he (1) knowingly takes a substantial step toward committing extortion, (2) with the intent to commit extortion. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the extortion.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Eighteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Eighteen.

314

GOVERNMENT INSTRUCTION NO. 67A
Bauer Pattern Instructions at 777 (modified)
Bauer Pattern Instructions 4.09

### Count Eighteen—"Knowingly"

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 30A (amended to remove reference to other counts)
Bauer Pattern Jury Instruction 4.10 (modified)

316

## **Count Eighteen—Extortion "By Fear"**

Attempted extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

### **Count Eighteen— Eighteen Under "Color Of Official Right"**

Attempted extortion under "color of official right" occurs when a public official attempts to obtain money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must attempt to obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

318

## Count Eighteen—"Property"

With respect to Count Eighteen, "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## **Count Eighteen— "Interstate Commerce"**

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

320

**COUNT NINETEEN, USE OF AN INTERSTATE FACILITY TO AID
UNLAWFUL ACTIVITY UNDER TITLE 18, SECTION 1952(a)(3)**

**Count Nineteen—Elements**

Count Nineteen of the indictment charges defendant Edward Burke with using an interstate facility in aid of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3). In order for you to find the defendant guilty of this count, the government must prove each of the following elements beyond a reasonable doubt:

1.      That Burke used or caused to be used a facility in interstate or foreign commerce; and

2.      That Burke did so with the intent to promote, manage, establish, or carry on an unlawful activity, or to facilitate the promotion, management, establishment or carrying on of an unlawful activity; and

3.      Thereafter Burke did or attempted to promote, manage, establish, or carry on an unlawful activity, or did or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Nineteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count Nineteen.

GOVERNMENT INSTRUCTION NO. 66A (modified per Court's 10/30/23 rulings)
Bauer Pattern Jury Instructions at p. 787-88—18 U.S.C. § 1952 INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES—ELEMENTS (modified);
Ill. Pattern Criminal Jury Instructions 21.11, 21.12 (modified)

## Count Nineteen—"Interstate Commerce"

With regard to Count Nineteen, the term "interstate commerce" means the use of an interstate facility, including a cellular telephone or email account.

The use of an interstate facility must relate significantly to the illegal activity charged in the indictment; that is, the relationship must be more than minimal or incidental. The use of an interstate facility, however, need not be essential to the success of such illegal activity.

The defendant need not have contemplated or knowingly caused the use of an interstate facility.

GOVERNMENT INSTRUCTION NO. 39A (modified to track particular act / charge)
Bauer Pattern Jury Instructions at p. 790 (modified)
*United States v. Burke*, No. 19-CR-322, 2022 WL 1970189, at *25 (N.D. Ill. June 6, 2022) (Dow, J.) ("The Court disagrees with Andrews and Ald. Burke that the intrastate use of a telephone does not state a claim under the Travel Act.").

323

## Count Nineteen—Unlawful Activity

In Count Nineteen, the government has alleged that a single telephone call was intended to promote "unlawful activities," namely extortion in violation of Title 18, United States Code, Section 1951(a). With respect to Count Nineteen, the government is not required to prove that the unlawful activity was actually committed.

GOVERNMENT INSTRUCTION NO. 40A (modified to track particular act / charge and to incorporate portions of Burke's Proposed Instruction No. 4)
Bauer Pattern Jury Instructions at p. 791 (modified); *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991); *United States v. Baker*, 227 F.3d 955, 961 (7th Cir. 2000) ("In short, since § 1952 does not incorporate state law as part of the federal offense, violation of the [Travel] Act does not require proof of a violation of state law." (citation omitted)); *United States v. Karigiannis*, 430 F.2d 148, 150 (7th Cir. 1970) ("[P]roof that a state law had actually been violated was not a necessary element of the offense [§ 1952].").

## Count Nineteen—Extortion

A defendant commits the offense of extortion under Title 18, United States Code, Section 1951(a) when:

1. The defendant knowingly obtained money or property from the Field Museum; and

2. The defendant did so by means of extortion by fear or under color of official right, as those terms are defined in these instructions; and

3. The Field Museum consented to part with the money or property because of the extortion; and

4. The defendant believed that the Field Museum parted with the money or property because of the extortion; and

5. The conduct of the defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 84
Bauer Pattern Jury Instructions at p. 775

**Count Nineteen—Extortion "By Fear"**

Extortion by fear means the wrongful use of fear to attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay the defendant. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 45
Bauer Pattern Instructions at 783

326

**Count Nineteen—Extortion Under "Color Of Official Right"**

Extortion under "color of official right" occurs when a public official obtains money or property to which he is not entitled, believing that the money or property would be given to him in return for taking, withholding, or influencing official action.

Although the official must obtain the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it.

While the official must obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action; that the official could have actually taken the action in return for which payment was made; or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 46
Bauer Pattern Instructions at 781 (modified)

## **Count Nineteen—"Property"**

With respect to Count Nineteen, "property" is money and other employment compensation to be provided by the Field Museum to Molly Gabinski.

GOVERNMENT INSTRUCTION NO. 47A (modified to change "includes" to "is")
Bauer Pattern Instructions at 784 (modified)

## Count Nineteen—"Interstate Commerce"

With respect to extortion, the government must prove that the defendant's actions had the potential to affect interstate commerce in any way or degree. This occurs if the natural consequences of the defendant's actions would have been some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 48
Bauer Pattern Instructions at 785

## Count Nineteen—Aiding and Abetting

Any person who knowingly aids, counsels, command, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 49A (modified to give Pattern Instruction 5.06(a) and 4.10)
Bauer Pattern Jury Instruction 4.10; 5.06(a)

## AIDING AND ABETTING AN OFFENSE

[This instruction is removed, as the government instead proposes the Court give Government Instruction No. 49A.]

GOVERNMENT INSTRUCTION NO. 77
Bauer Pattern Jury Instruction 5.06A (modified)

331

**FINAL INSTRUCTIONS**

**Joint Venture**

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

GOVERNMENT INSTRUCTION NO. 78
Bauer Pattern Jury Instruction 5.05

333

## **Punishment**

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 79
Bauer Pattern Jury Instruction 4.08

## **Deliberations**

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Android, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, X (formerly Twitter), or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 80
Bauer Pattern Jury Instruction 7.01 (modified)

## **Verdict Forms**

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

GOVERNMENT INSTRUCTION NO. 81
Bauer Pattern Jury Instruction 7.02 (modified)

## **Verdict**

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 82
Bauer Pattern Jury Instruction 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

## PROPOSED VERDICT FORM

The UNITED STATES OF AMERICA, through its attorney, MORRIS
PASQUAL, Acting United States Attorney for the Northern District of Illinois,
respectfully submits the attached draft verdict forms.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By:    /s/ *Sarah Streicker*
AMARJEET BHACHU
DIANE MacARTHUR
SARAH STREICKER
TIMOTHY CHAPMAN
SUSHMA RAJU
Assistant United States Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

November 7, 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 322 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| EDWARD M. BURKE, | ) | |
| PETER J. ANDREWS, and | ) | |
| CHARLES CUI | ) | |

**<u>VERDICT FORM</u>**
**Edward M. Burke**

On **Count One** of the indictment, we, the jury, find defendant Edward M. Burke:

☐    Not Guilty        ☐    Guilty

[Verdict form continued on next page]

2

**VERDICT FORM**
**Edward M. Burke (cont.)**

  If you checked "Guilty" as to **Count One**, please identify the following acts that are listed in Paragraph 84 of Count One that your guilty verdict is unanimously based upon. To find Burke guilty of **Count One**, you must unanimously agree that at least two separate Racketeering Acts were committed (for example, one or more subparts from Racketeering Act 1, and one or more subparts from Racketeering Act 2). If the racketeering predicate that you select is use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3), please also select one or more of the unlawful activities your verdict is unanimously based upon.

### Count One, Racketeering Act 1—Post Office

☐  1(a)  Attempted bribery, in violation of 720 ILCS 5/33-1(e) and 720 ILCS 5/8-4

☐  1(b)  Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐  1(c)  Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2:

    ☐ bribery, in violation of 720 ILCS 5/33-1(e)

    ☐ official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

    ☐ commercial bribe receiving, in violation of 720 ILCS 5/29A-2

☐  1(d)  Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2

    ☐ bribery, in violation of 720 ILCS 5/33-1(e)

    ☐ official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

    ☐ commercial bribe receiving, in violation of 720 ILCS 5/29A-2

[Verdict form continued on next page]

3

**<u>VERDICT FORM</u>**
**Edward M. Burke (cont.)**

**Count One, Racketeering Act 2—Post Office**

| | 2(a) | Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) |

☐ official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐ commercial bribe receiving, in violation of 720 ILCS 5/29A-2

| | 2(b) | Official misconduct, in violation of 720 ILCS 5/33-3(a)(4) |

[Verdict form continued on next page]

4

**VERDICT FORM**
**Edward M. Burke (cont.)**

**Count One, Racketeering Act 3—Burger King**

☐      3(a)      Attempted extortion, in violation of Title 18, United States Code, Section 1951(a) and 2

☐      3(b)      Extortion conspiracy, in violation of Title 18, United States Code, Section 1951(a)

☐      3(c)      Attempted bribery, in violation of 720 ILCS 5/33-1(e) and 720 ILCS 5/8-4

☐      3(d)      Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐      3(e)      Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2

           ☐      extortion, in violation of Title 18, United States Code, Section 1951(a)

           ☐      bribery, in violation of 720 ILCS 5/33-1(e)

           ☐      official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

           ☐      commercial bribe receiving, in violation of 720 ILCS 5/29A-2

[Verdict form continued on next page]

5

**VERDICT FORM**
**Edward M. Burke (cont.)**

**Count One, Racketeering Act 3—Burger King (continued)**

☐     3(f)     Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2

        ☐    extortion, in violation of Title 18, United States Code, Section 1951(a)

        ☐    bribery, in violation of 720 ILCS 5/33-1(e)

        ☐    official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

        ☐    commercial bribe receiving, in violation of 720 ILCS 5/29A-2

☐     3(g)     Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2

        ☐    extortion, in violation of Title 18, United States Code, Section 1951(a)

        ☐    bribery, in violation of 720 ILCS 5/33-1(e)

        ☐    official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

        ☐    commercial bribe receiving, in violation of 720 ILCS 5/29A-2

[Verdict form continued on next page]

**VERDICT FORM**
**Edward M. Burke (cont.)**

**Count One, Racketeering Act 4—Pole Sign**

☐　　　4(a)　　　Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2

☐　bribery, in violation of 720 ILCS 5/33-1(d)

☐　bribery, in violation of 720 ILCS 5/33-1(e)

☐　official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐　commercial bribery, in violation of 720 ILCS 5/29A-1

☐　commercial bribe receiving, in violation of 720 ILCS 5/29A-2

☐　　　4(b)　　　Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2

☐　bribery, in violation of 720 ILCS 5/33-1(d)

☐　bribery, in violation of 720 ILCS 5/33-1(e)

☐　official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐　commercial bribery, in violation of 720 ILCS 5/29A-1

☐　commercial bribe receiving, in violation of 720 ILCS 5/29A-2

☐　　　4(c)　　　Bribery, in violation of 720 ILCS 5/33-1(d)

[Verdict form continued on next page]

7

## **VERDICT FORM**
### **Edward M. Burke (cont.)**

**Count One, Racketeering Act 5—Field Museum**

☐      5(a)      Attempted extortion, in violation of Title 18, United States Code, Section 1951(a)

☐      5(b)      Use of an interstate facility to aid unlawful activity in violation of Title 18, Section 1952(a)(3) and 2

[Verdict form continued on next page]

**VERDICT FORM**
**Edward M. Burke (cont.)**

On **Count Two** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

On **Count Three** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Three**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐ Commercial bribe receiving, in violation of 720 ILCS 5/29A-2

On **Count Four** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Four**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐ Commercial bribe receiving, in violation of 720 ILCS 5/29A-2

[Verdict form continued on next page]

9

# VERDICT FORM
## Edward M. Burke (cont.)

On **Count Five** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty ☐ Guilty

On **Count Six** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty ☐ Guilty

On **Count Seven** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty ☐ Guilty

If you checked "Guilty" as to **Count Seven**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐ Extortion, in violation of Title 18, United States Code, Section 1951(a)

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐ Commercial bribe receiving, in violation of 720 ILCS 5/29A-2

[Verdict form continued on next page]

**VERDICT FORM**
**Edward M. Burke (cont.)**

On **Count Eight** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Eight**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐          Extortion, in violation of Title 18, United States Code, Section 1951(a)

☐          Bribery, in violation of 720 ILCS 5/33-1(e)

☐          Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐          Commercial bribe receiving, in violation of 720 ILCS 5/29A-2

On **Count Nine** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Nine**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐          Extortion, in violation of Title 18, United States Code, Section 1951(a)

☐          Bribery, in violation of 720 ILCS 5/33-1(e)

☐          Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐          Commercial bribe receiving, in violation of 720 ILCS 5/29A-2

[Verdict form continued on next page]

11

## **VERDICT FORM**
## **Edward M. Burke (cont.)**

On **Count Eleven** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

On **Count Fifteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Fifteen**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐ Bribery, in violation of 720 ILCS 5/33-1(a)

☐ Bribery, in violation of 720 ILCS 5/33-1(d)

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct under 720 ILCS 5/33-3(a)(4)

☐ Commercial bribery under 720 ILCS 5/29A-1

☐ Commercial bribe receiving under 720 ILCS 5/29A-2

[Verdict form continued on next page]

12

**VERDICT FORM**
**Edward M. Burke (cont.)**

On **Count Sixteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Sixteen**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐          Bribery, in violation of 720 ILCS 5/33-1(a)

☐          Bribery, in violation of 720 ILCS 5/33-1(d)

☐          Bribery, in violation of 720 ILCS 5/33-1(e)

☐          Official misconduct under 720 ILCS 5/33-3(a)(4)

☐          Commercial bribe receiving under 720 ILCS 5/29A-2

On **Count Eighteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

On **Count Nineteen** of the indictment, we, the jury, find defendant Edward M. Burke:

☐ Not Guilty          ☐ Guilty

[Verdict form continued on next page]

13

**<u>VERDICT FORM</u>**
**Edward M. Burke (cont.)**

_____      _____

FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____
Date

14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

UNITED STATES OF AMERICA    )
                                      )    No. 19 CR 322
         v.                  )
                                        )    Judge Virginia M. Kendall
EDWARD M. BURKE,            )
PETER J. ANDREWS, and     )
CHARLES CUI                )

**<u>VERDICT FORM</u>**
**Peter J. Andrews**

On **Count Five** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty           ☐ Guilty

On **Count Six** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty           ☐ Guilty

On **Count Seven** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty           ☐ Guilty

If you checked "Guilty" as to **Count Seven**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐    Extortion, in violation of Title 18, United States Code, Section 1951(a)

☐    Bribery, in violation of 720 ILCS 5/33-1(e)

☐    Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐    Commercial bribe receiving, in violation of 720 ILCS 5/29A-2

[Verdict form continued on next page]

15

## VERDICT FORM
### Peter J. Andrews (cont.)

On **Count Eight** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Eight**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐ Extortion, in violation of Title 18, United States Code, Section 1951(a)

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct, in violation of 720 ILCS 5/33-3(a)(4)

☐ Commercial bribe receiving, in violation of 720 ILCS 5/29A-2

On **Count Ten** of the indictment, we, the jury, find defendant Peter J. Andrews:

☐ Not Guilty          ☐ Guilty

[Verdict form continued on next page]

16

**<u>VERDICT FORM</u>**
**Peter J. Andrews (cont.)**

_____     _____

FOREPERSON

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

UNITED STATES OF AMERICA    )
    )    No. 19 CR 322
v.    )
    )    Judge Virginia M. Kendall
EDWARD M. BURKE,    )
PETER J. ANDREWS, and    )
CHARLES CUI    )

## **VERDICT FORM**
### **Charles Cui**

On **Count Twelve** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty      ☐ Guilty

On **Count Thirteen** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty      ☐ Guilty

If you checked "Guilty" as to **Count Thirteen**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐ Bribery, in violation of 720 ILCS 5/33-1(a)

☐ Bribery, in violation of 720 ILCS 5/33-1(d)

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct under 720 ILCS 5/33-3(a)(4)

☐ Commercial bribery under 720 ILCS 5/29A-1

☐ Commercial bribe receiving under 720 ILCS 5/29A-2

[Verdict form continued on next page]

18

**<u>VERDICT FORM</u>**
**Charles Cui (cont.)**

On **Count Fourteen** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Fourteen**, please identify the unlawful activity your verdict is unanimously based upon  (select one or more).

☐ Bribery, in violation of 720 ILCS 5/33-1(a)

☐ Bribery, in violation of 720 ILCS 5/33-1(d)

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct under 720 ILCS 5/33-3(a)(4)

☐ Commercial bribery under 720 ILCS 5/29A-1

☐ Commercial bribe receiving under 720 ILCS 5/29A-2

On **Count Fifteen** of the indictment, we, the jury, find defendant Charles Cui:

☐ Not Guilty          ☐ Guilty

If you checked "Guilty" as to **Count Fifteen**, please identify the unlawful activity your verdict is unanimously based upon (select one or more).

☐ Bribery, in violation of 720 ILCS 5/33-1(a)

☐ Bribery, in violation of 720 ILCS 5/33-1(d)

☐ Bribery, in violation of 720 ILCS 5/33-1(e)

☐ Official misconduct under 720 ILCS 5/33-3(a)(4)

☐ Commercial bribery under 720 ILCS 5/29A-1

☐ Commercial bribe receiving under 720 ILCS 5/29A-2

19

**<u>VERDICT FORM</u>**
**Charles Cui (cont.)**

On **Count Seventeen** of the indictment, we, the jury, find defendant Charles Cui:

☐  Not Guilty          ☐  Guilty

_____          _____

FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____
Date

20