UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD M. BURKE,<br>PETER J. ANDREWS, and<br>CHARLES CUI | No. 19 CR 322<br><br>Hon. Virginia M. Kendall |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANTS' MOTION FOR MISTRIAL**

The UNITED STATES OF AMERICA, through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendants' oral motion for a mistrial on November 29, 2023. A single sentence uttered by a lay witness during a lengthy trial is no grounds for a mistrial. As many decisions recognize, the Court's prompt decision to strike the testimony at issue and issue a curative instruction suffices to ensure the jurors do not consider that testimony during their deliberations.

**BACKGROUND**

Before trial, defendant Burke argued that witness Ray Lang, a senior executive at Amtrak, should not be permitted to offer an opinion that Burke acted corruptly. R. 247 at 40. In response, the government argued the motion was moot because "the government does not intend to elicit testimony from this witness that Burke's arrangement was 'corrupt.'" R. 286 at 58.

On November 29, 2023, Lang, testified about Government Exhibit 219, in which Lang wrote that "the owners of the Old Post Office hired Ed Burke today. . . .

a very old school Chicago move to hire him." GX219. During direct examination, Lang explained what he meant in this email, and testified that a developer hiring an Alderman's law firm was "symbolic of the Chicago way of doing business."[1] When asked what that meant, Lang elaborated: "I mean it's very corrupt." Defendant Burke objected. The Court immediately struck the question and answer, and instructed the jury: "The last question and answer is stricken. His opinion is not relevant for your determination. You have to determine whether the government meets its burden of proof beyond a reasonable doubt. So you may do that by the evidence in front of you."

Later during Lang's testimony, counsel for defendant Burke requested a sidebar, at which defendant Burke moved for a mistrial. The other defendants joined the motion. In making this motion, counsel for defendant Burke plainly stated: "I don't doubt [the prosecutor] didn't think [Lang] was going to say that, but he said it in the grand jury and he was asked about that. She should have known it if she didn't think about it." The Court ordered written filings on the motion, and once again, at the end of the trial day, the Court issued a second curative instruction to the jury:

> Now, remember earlier that I gave you a limiting instruction. You must adhere to that instruction, which was that this witness gave you an opinion about what the meaning of "the Chicago way" was. That's stricken. It's not evidence. It was based not on fact but on opinion. It's not something that you can consider.
>
> Remember it's going to be your job to weigh evidence and facts in reaching your conclusion as to whether the government met its burden of proof.

---

[1] References to the transcript on November 29, 2023 are from the rough draft of the transcript prepared at the end of the trial day and are not references to a finalized transcript.

2

During the sidebar and at the end of the trial day, the government represented that it had previously directed Lang not to refer to the word "corrupt" and had not anticipated the response he provided during his direct testimony. Notwithstanding his earlier comments at sidebar regarding the inadvertent nature of Lang's testimony, at the end of the trial day, Burke's defense counsel adopted a new approach, contending "the witness or the prosecutor or both deliberately violated the motion *in limine*."

## ARGUMENT

The proper remedy for an errant statement made by a lay witness at trial is precisely what this Court already has done: to strike the response promptly and issue a curative instruction. "It is not an abuse of discretion for the trial judge to issue a curative instruction after improper testimony is adduced at trial rather than grant a mistrial, so long as the instruction adequately addresses that aspect of the testimony which was improper or permitted an improper inference." *United States v. Lomeli*, 76 F.3d 146, 149 (7th Cir. 1996). Indeed, as the Seventh Circuit has explained, where a court issues a curative instruction to disregard a witness's statement, a defendant has "little to complain about" because absent "truly unusual circumstances," there is a very strong presumption that jurors follow such instructions, thereby "erasing" any improper influence the comment may have had. *United States v. Bonner*, 302 F.3d 776, 782 (7th Cir. 2002). This lesson was recently reinforced by the Supreme Court, which emphasized that curative instructions are presumed to be effective even when used in conjunction with the admission of confessions, which are "some of the most

3

compelling evidence of guilt available to a jury." *Samia v. United States*, 599 U.S. 635, 647 (2023) (noting that limiting instructions suffice even in situations with potential "life-and-death stakes for defendants").

The Seventh Circuit's decision in *United States v. Lorefice*, 192 F.3d 647 (7th Cir. 1999), is squarely on point and confirms that no mistrial is warranted in light of the actions this Court already has taken. In *Lorefice*, 192 F.3d 647, 650-51 (7th Cir. 1999), an FBI agent testified during a fraud trial that he believed insurance documents were "fraudulent." The district court struck the testimony and told the jury to disregard the opinion evidence. *Id.* at 651. The Seventh Circuit held that the district court properly denied defendant's motion for a mistrial. Even though the FBI agent's statement was an improper statement of the agent's personal belief as to the defendant's guilt, the court nevertheless held that a curative instruction was sufficient. *Id.* at 651-52. This was because the agent's statement (along with a separate errant statement made by the prosecutor during closing argument) "were two isolated instances in a trial otherwise replete with evidence about [the defendant's] involvement in the fraudulent scheme" and because "[t]he trial judge gave prompt and clear instructions to the jury in both instances, and we presume that the jury followed the court's instructions." *Id.* The court thus held that "[w]e are satisfied on the record as a whole that these errors were harmless, and thus that they do not justify the drastic step of setting aside the result of the trial." *Id.* at 652.

The facts in this case counsel more strongly against granting a mistrial than the facts in *Lorefice*. Ray Lang is not an agent of the government, and thus there can

4

be no suggestion that he was speaking on behalf of the prosecution, as was the case in *Lorefice*. 192 F.3d at 651-52. Moreover, this is a multi-week trial, with dozens of witnesses, hundreds of documentary exhibits, and scores of recordings. This mitigates any potential negative impact on the jury of Lang's comment. *See Lomeli*, 76 F.3d at 150 ("[T]he two misstatements at issue here occurred early on the first day of a six-day trial, further mitigating their likely impact on the jurors.").[2] Indeed, Lang's single comment took place on a day when numerous inculpatory recordings of defendant Burke were played, including Burke's comment that the "cash register has not rung yet" and his comment that he was not going to do "any lifting" for the Old Post Office developers because his law firm was not yet "signed up." GX 11. In light of the fact that the jury already heard direct evidence of defendant Burke's guilt, coming from his own mouth, defendants cannot credibly contend that Lang's stray comment, which this Court immediately struck and admonished the jury not to consider, warrants a mistrial. *See United States v. Keen*, 676 F.3d 981, 995-96 (11th Cir. 2012) (district court did not abuse discretion in denying motion for a mistrial at a bribery trial, after the jury heard a recording referencing defendant's prior term of imprisonment "for buying votes," where "the statement was not the only evidence heard by the jury of [defendant's] prior corrupt activity").

---

[2] In *Lomeli*, a government witness responded to questions during direct and cross examinations by indicating that the defendant "was involved with a drug offense" and that the defendant was an "aggravated felon." 76 F.3d at 149. The witness did so, despite the district court's earlier order that "the government . . . instruct its witnesses not to mention that the prior conviction was aggravated or drug-related." *Id.*

5

The Seventh Circuit is not alone in affirming the denial of a motion for a mistrial in similar circumstances. In *United States v. Yearty*, 430 F. App'x 787, 788-89 (11th Cir. 2011), the Eleventh Circuit held that the district court did not abuse its discretion in denying a motion for a mistrial, after a government agent in a bribery case testified that defendant's counsel had "also" been engaged in corrupt activities. The defendant argued that this testimony improperly suggested that defendant had been engaged in corrupt activities and thus materially prejudiced him. The Eleventh Circuit disagreed and held that "[t]he witness' testimony was not so prejudicial as to be incurable by the district court's curative instruction." *Id.*

Similarly, in *United States v. Villalpando*, 44 F. App'x 62, 63 (8th Cir. 2002), defendant moved for a mistrial after a federal agent testified that the defendant "implicated himself as being involved in the distribution of drugs." The district court struck the agent's testimony and instructed the jury to disregard it but denied a motion for a mistrial. The Eighth Circuit affirmed. Because the witness's statement was consistent with her other testimony, and jurors are presumed to follow the Court's instructions, "the district court's quick response in striking the testimony and instructing the jury to disregard it was sufficient to cure any error that occurred." *Id.* (citations omitted).

Finally, there is no need to slow the progress of this trial by having defense counsel conduct a *voir dire* of Lang concerning conversations with the government about his use of the word "corrupt." Defense counsel conceded (at least initially) that he had no doubt that the statement was not the product of any deliberate effort by

6

the government to elicit it, and only later did counsel push for a *voir dire* digression. Further demonstrating that the government did not act intentionally, the prosecutor promptly told the Court that she did instruct Lang to not use the word "corrupt" and that she did not anticipate that he would, and then she promptly moved on to another topic. *See, e.g., United States v. Hargrove*, 911 F.3d 1306, 1317-18 (10th Cir. 2019) ("[P]rosecutor's immediate acceptance of responsibility here is significantly probative of the prosecutor's lack of bad faith.").

The Court has indicated that it will caution the witness appropriately going forward, and the government will be sure to continue to caution future witnesses about opining that the defendants' conduct was corrupt; defense counsel's proposed inquest is unnecessary.

## CONCLUSION

For the reasons stated above, the government respectfully asks the Court to deny the defendants' motion for a mistrial.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By: */s/ Sarah Streicker*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH STREICKER
TIMOTHY CHAPMAN
SUSHMA RAJU
Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

7